IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00042-KDB-SCR

| | |
|---|---|
| WESLEY NEWMAN,<br><br>Plaintiff,<br><br>v.<br><br>SGMS, INC. AND<br>DEMAYO LAW OFFICES, LLP,<br><br>Defendants. | **MEMORANDUM AND ORDER** |

**THIS MATTER** is before the Court on Defendants' partial Motion to Dismiss (Doc. No. 11). The Court has carefully considered this motion and the parties' briefs and supplemental authority provided. For the reasons discussed below, the Court will **DENY** the motion.

## I. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court, however, accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cty., N. Carolina*, No. 19-2012, 2022 WL 53977, at *1 (4th Cir. Jan. 5, 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

1

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## II. FACTS AND PROCEDURAL HISTORY

Plaintiff Wesley Newman maintains a cell phone ((904) XXX-XXXX) ("Cell Number") that he alleges is used solely for his "personal, residential, and household needs," and not for "professional or business reasons." Doc. No. 1 ("Complaint") at ¶¶ 27-29. Despite having registered his Cell Number on the National Do Not Call Registry "years" ago, Mr. Newman began receiving calls in November 2022 from Legal Conversion Center ("LCC")[1] "sent on behalf of and to generate leads for Camp Lejune legal representation claims by Defendant DeMayo." *Id.* at ¶¶ 32-33.

Mr. Newman claims to have received at least twelve calls from LCC, some containing prerecorded messages and beginning with a "robot." *Id.* at ¶¶ 33-34. During a call on November 8, 2022, Mr. Newman alleges he told the robot to "stop calling him and to place him on the do not call list." *Id.* at ¶ 35. However, the calls persisted, and during a call on November 17, 2022, he engaged the "robot" long enough to be transferred to a human. *Id.* at ¶ 36. At some point during

---

[1] Defendant SGMS, Inc. does business as Legal Conversion Center. *See* Complaint at ¶ 5.

or after this call, Mr. Newman provided fictitious information, and he reports that subsequent calls (from both LCC and DeMayo) repeated that information when engaging with him. *Id.* at ¶¶ 38-42.

Mr. Newman further alleges that between November 19 and 29, 2022, he visited DeMayo's website and used its web-based chat functionality. *Id.* at ¶ 40. In both the chat and a subsequent communication with a DeMayo attorney, he inquired how the company had obtained his contact information. *Id.* at ¶¶ 40-41. Despite twice contacting DeMayo, Mr. Newman received no response, and the calls—using the same fictitious information—continued through May 2023. ¶¶ 45-48.

On January 21, 2025, Mr. Newman filed this putative class action against DeMayo and LCC, alleging violations of the Telephone Consumer Protection Act ("TCPA"), including 47 U.S.C. § 227(b) (Count I); 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)-(d) (Counts II and III). *Id.* at ¶¶ 94-107. In response, Defendants filed a Motion to Dismiss Counts II and III, which Mr. Newman opposes. The matter is fully briefed and ripe for this Court's review.

### III. DISCUSSION

Section 227(c) of the TCPA and the corresponding regulations prohibit businesses from placing "telephone solicitation" calls to a "residential telephone subscriber" who has placed his phone number on the National Do Not Call Registry. 47 U.S.C. § 227; 47 C.F.R. § 64.1200(c)(2). A person who receives more than one call in violation of those regulations—by or on behalf of the same entity—within a twelve-month period, may bring a private action under the statute. 47 U.S.C. § 227(c)(5).

Defendants move to dismiss Counts II and III on the grounds that section 227(c) does not apply to Mr. Newman. In Defendants' view, Mr. Newman "invited" the calls that came after November 17, 2022, because he provided information to the callers as well as his VOIP number

under the guise of seeking legal advice on behalf of his father (the "fictitious information"). Doc. No. 12 at 5. However, taking the facts in the Complaint as true at this early stage of the litigation, Mr. Newman alleged that he received unwanted calls on both November 8, 2022, and November 17, 2022. It is irrelevant (for purposes of the Motion to Dismiss) that during the November 17 call Mr. Newman provided fictitious information, which arguably invited Defendants to continue calling him, because he did so only *after* receiving the second unwanted call. Therefore, Mr. Newman has plausibly alleged that he received more than one unwanted and uninvited call within a twelve-month period to his Cell Number.

Defendants next allege that Mr. Newman fails to qualify as a "residential telephone subscriber" because neither his Cell Number nor his internet-based VOIP line are landlines. *Id.* The Fourth Circuit has not addressed whether cell phone or VOIP owners are considered "residential telephone subscribers" under 47 U.S.C. § 227(c)(5). *Williams v. Quantum 3 Media, LLC*, No. 3:23-CV-037-RJC-DCK, 2024 WL 5500192, at *2 (W.D.N.C. Feb. 27, 2024). Although historically courts that have addressed the issue have reached different conclusions, recent district court decisions in the Fourth Circuit generally assume that the TCPA extends to wireless telephone numbers. *See Slate v. Healthy Spirit, LLC,* No. CV MJM-23-3034, 2025 WL 326985, at *3 (D. Md. Jan. 28, 2025) (finding that a Plaintiff whose cell phone was listed in the National Do Not Call Registry, and who received marketing calls to that number to have plausibly alleged a violation of 47 CFR 64.1200(c)(2) and section 227(c)); *Williams v. Quantum 3 Media, LLC,* No. 3:23-CV-037-RJC-DCK, 2024 WL 5500192, at 4* (W.D.N.C. Feb. 27, 2024) (finding a cell phone used for "personal, residential, and household reasons" which was also listed on the National Do Not Call Registry to be "presumptively residential"); *Nickson v. Advanced Mktg. & Processing, Inc.,* No. CV DLB-22-2203, 2023 WL 4932879, at *6 n.6 (D. Md. Aug. 2, 2023) (assuming without

4

Case 3:25-cv-00042-KDB-SCR    Document 25    Filed 09/02/25    Page 4 of 6

deciding that a cell phone number is residential); *Tessu v. AdaptHealth, LLC*, No. SAG-23-0364, 2023 WL 5337121, at *5 (D. Md. Aug. 17, 2023) ("This Court therefore joins the majority of courts throughout the country who have held that cell phones like Tessu's are entitled to the TCPA's protection as residential telephones."); *Mey v. Levin, Papantonio, Rafferty, Proctor, Buchanan, O'brien, Barr & Mougey P.A.*, No. 5:23-CV-46, 2023 WL 12090755, at *8 (N.D.W. Va. June 18, 2023) ("While this Court has not specifically addressed whether calls to cell phones used for residential purposes are actionable under 47 U.S.C. § 227(c)(5) … this Court has never dismissed a complaint on this ground."); *Davis v. Reliance First Cap., LLC*, No. 7:22-CV-00018, 2023 WL 1982354, at *4 n.1 (E.D.N.C. Feb. 13, 2023) (allegation that a plaintiff was the user of a residential cellular telephone number was sufficient to survive a motion to dismiss under the TCPA); *but see Gaker v. Q3M Ins. Sols.,* No. 3:22-CV-00296-RJC-DSC, 2023 WL 2472649, at *2 (W.D.N.C. Feb. 8, 2023) (finding TCPA did not apply to cell phones).

Finding this recent majority persuasive, the Court will assume, only for the purpose of this 12(b)(6) motion, that Mr. Newman's Cell Number is residential under the facts alleged. Accordingly, the Court will deny Defendants' Partial Motion to Dismiss.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motion to Dismiss (Doc. No. 11) is **DENIED**; and

5

Case 3:25-cv-00042-KDB-SCR    Document 25    Filed 09/02/25    Page 5 of 6

2. This case shall **proceed toward trial on the merits** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: September 2, 2025

Kenneth D. Bell
United States District Judge