| | |
|---|---|
| WESLEY NEWMAN, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEMAYO LAW OFFICES, LLP; AND SGMS INC. D/B/A LEGAL CONVERSION CENTER,<br><br>Defendant. | **ANSWER TO COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Defendant SGMS Inc. d/b/a Legal Conversion Center ("SGMS" or "Defendant"), by and through its undersigned counsel, respectfully submits its Answer, Affirmative and Other Defenses to the Class Action Complaint ("Complaint") filed by Plaintiff on behalf of himself and all others similarly situated, and states as follows:

SGMS generally denies Plaintiff's allegations of wrongdoing, asserted individually and as a putative class representative, and responds to the specific allegations contained in the enumerated paragraphs of the Complaint as follows:

1. SGMS admits that Paragraph 1 contains a quote from a court decision but is without information sufficient to admit or deny the substance of the allegations in Paragraph 1.

2. Paragraph 2 contains a conclusion of law to which a response is not required. To the extent a response is required, SGMS states that the TCPA is a law that has been interpreted by case law.

1

3. SGMS admits that Paragraph 3 contains a quote but is without information sufficient to admit or deny the substance of the allegations in Paragraph 3.

4. SGMS admits that Paragraph 4 contains quotes from various legal authorities but is without information sufficient to admit or deny the substance of the allegations in Paragraph 4.

5. SGMS admits that Plaintiff alleges violations of the TCPA but denies any and all liability to Plaintiff or to other putative class members.

6. SGMS admits that a purported class action was filed but denies all allegations of Paragraph 6.

7. SGMS denies the allegations of Paragraph 7.

## PARTIES

8. SGMS is without information sufficient to admit or deny the allegations of Paragraph 8.

9. SGMS is without information sufficient to admit or deny the allegations of Paragraph 9.

10. SGMS admits that it entered into a contractual relationship with Defendant DeMayo Law Offices, LLP related to marketing services and that it has a headquarters and principal place of business in Texas. SGMS denies the remaining allegations of Paragraph 10.

## JURISDICTION AND VENUE

11. SGMS admits that federal courts have federal question jurisdiction over TCPA actions.

12. SGMS is without information sufficient to admit or deny allegations related to other Defendants. SGMS denies all allegations related to it in Paragraph 12.

13. SGMS denies all allegations of Paragraph 13.

## BACKGROUND

14. SGMS denies the allegations of Paragraph 14 as inconsistent with the legal requirements of the TCPA and interpretive case law.

15. SGMS denies the allegations of Paragraph 15 as inconsistent with the legal requirements of the TCPA and interpretive case law.

16. SGMS denies the allegations of Paragraph 16 as inconsistent with the legal requirements of the TCPA and interpretive case law.

17. SGMS denies the allegations of Paragraph 17 as inconsistent with the legal requirements of the TCPA and interpretive case law.

18. SGMS admits that Paragraph 18 contains a quote from the TCPA but is without information sufficient to admit or deny the substance of the allegations in Paragraph 18.

19. SGMS denies Paragraph 19 as an incomplete statement of the law.

20. SGMS admits that the TCPA provides a private cause of action in some contexts but denies any wrongdoing in this case.

21. SGMS denies the allegations of Paragraph 21.

22. SGMS denies the allegations of Paragraph 22.

23. SGMS denies the allegations of Paragraph 23 as an incomplete statement of the law.

24. SGMS denies the allegations of Paragraph 24 as an incomplete statement of the law.

25. SGMS denies the allegations of Paragraph 25 as an incomplete statement of the law.

## FACTUAL ALLEGATIONS

26. SGMS is without information sufficient to admit or deny the allegations of Paragraph 26.

27. SGMS denies the allegations of Paragraph 27.

28. SGMS is without information sufficient to admit or deny the allegations of Paragraph 28 and therefore denies same.

29. SGMS denies the allegations of Paragraph 29.

30. SGMS denies the allegations of Paragraph 30.

31. SGMS is without information sufficient to admit or deny the allegations of Paragraph 31 and therefore denies same.

32. SGMS is without information sufficient to admit or deny the allegations of Paragraph 32 and therefore denies same.

33. SGMS denies the allegations of Paragraph 33.

34. SGMS denies the allegations of Paragraph 34.

35. SGMS is without information sufficient to admit or deny the allegations of Paragraph 35 and therefore denies same.

36. SGMS denies the allegations of Paragraph 36.

37. SGMS is without information sufficient to admit or deny the allegations of Paragraph 37 and therefore denies same.

38. SGMS is without information sufficient to admit or deny the allegations of Paragraph 38 and therefore denies same.

4

39.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 39 and therefore denies same.

40.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 40 and therefore denies same.

41.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 41 and therefore denies same.

42.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 42 and therefore denies same.

43.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 43 and therefore denies same.

44.     SGMS denies the allegations of Paragraph 44.

45.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 45 and therefore denies same.

46.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 46 and therefore denies same.

47.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 47 and therefore denies same.

48.     SGMS is without information sufficient to admit or deny the allegations of Paragraph 48 and therefore denies same.

49.     SGMS denies the allegations of Paragraph 49.

50.     SGMS denies the allegations of Paragraph 50.

51.     SGMS denies the allegations of Paragraph 51 as an incomplete statement of the law.

52. SGMS denies the allegations of Paragraph 52 as an incomplete statement of the law.

53. SGMS denies the allegations of Paragraph 53 as an incomplete statement of the law. SGMS denies any and all liability.

54. SGMS denies the allegations of Paragraph 54 as an incomplete statement of the law. SGMS denies any and all liability.

55. SGMS denies the allegations of Paragraph 55.

56. SGMS denies the allegations of Paragraph 56 as inconsistent with the contractual relationship of the parties.

57. SGMS denies the allegations of Paragraph 57.

58. SGMS denies the allegations of Paragraph 58.

59. SGMS denies that it made any illegal calls and denies all allegations that relate to it in Paragraph 59. SGMS is without information sufficient to admit or deny the remainder of the allegations.

60. SGMS denies the allegations of Paragraph 60.

61. SGMS denies the allegations of Paragraph 61.

62. SGMS denies all allegations that relate to it in Paragraph 62. SGMS is without information sufficient to admit or deny the remainder of the allegations.

63. SGMS denies all allegations that relate to it in Paragraph 63. SGMS is without information sufficient to admit or deny the remainder of the allegations.

64. SGMS denies all allegations that relate to it in Paragraph 64. SGMS is without information sufficient to admit or deny the remainder of the allegations.

65.     SGMS denies all allegations that relate to it in Paragraph 65. SGMS is without information sufficient to admit or deny the remainder of the allegations.

66.     SGMS denies all allegations that relate to it in Paragraph 66. SGMS is without information sufficient to admit or deny the remainder of the allegations.

67.     SGMS denies all allegations that relate to it in Paragraph 67. SGMS is without information sufficient to admit or deny the remainder of the allegations.

68.     SGMS denies all allegations that relate to it in Paragraph 68. SGMS is without information sufficient to admit or deny the remainder of the allegations.

69.     SGMS denies all allegations that relate to it in Paragraph 69. SGMS is without information sufficient to admit or deny the remainder of the allegations

70.     SGMS denies all allegations that relate to it in Paragraph 70. SGMS is without information sufficient to admit or deny the remainder of the allegations.

71.     SGMS denies the allegations of Paragraph 71.

72.     SGMS denies all allegations that relate to it in Paragraph 72. SGMS is without information sufficient to admit or deny the remainder of the allegations.

73.     SGMS denies all allegations that relate to it in Paragraph 73. SGMS is without information sufficient to admit or deny the remainder of the allegations.

74.     SGMS denies all allegations that relate to it in Paragraph 74. SGMS is without information sufficient to admit or deny the remainder of the allegations.

75.     SGMS denies all allegations that relate to it in Paragraph 75. SGMS is without information sufficient to admit or deny the remainder of the allegations.

76.     SGMS denies the allegations of Paragraph 76.

**CLASS ACTION ALLEGATIONS**

77. SGMS incorporates by reference its answers to all other paragraphs as if fully restated herein.

78. SGMS admits that Plaintiff brings this lawsuit but denies any liability, including that this case should be certified as a class action.

79. SGMS admits that Plaintiff brings this lawsuit but denies any liability, including that this case should be certified as a class action.

80. SGMS denies the allegations of Paragraph 80.

81. SGMS denies the allegations of Paragraph 81.

82. SGMS denies the allegations of Paragraph 82.

83. SGMS admits that the lawsuit seeks injunctive relief and money damages but denies that it is liable to Plaintiff or any others.

84. SGMS denies the allegations of Paragraph 84.

85. SGMS denies the allegations of Paragraph 85.

86. SGMS denies the allegations of Paragraph 86.

87. SGMS denies the allegations of Paragraph 87.

88. SGMS denies the allegations of Paragraph 88.

89. SGMS denies the allegations of Paragraph 89.

90. SGMS denies the allegations of Paragraph 90.

91. SGMS denies the allegations of Paragraph 91.

**<u>FIRST CAUSE OF ACTION</u>**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

94. SGMS incorporates by reference its answers to all other paragraphs as if fully restated herein.

8

95. SGMS denies all allegations that relate to it in Paragraph 95. SGMS is without information sufficient to admit or deny the remainder of the allegations.

96. SGMS denies all allegations that relate to it in Paragraph 96. SGMS is without information sufficient to admit or deny the remainder of the allegations.

97. SGMS denies all allegations that relate to it in Paragraph 97. SGMS is without information sufficient to admit or deny the remainder of the allegations.

98. SGMS denies all allegations that relate to it in Paragraph 98. SGMS is without information sufficient to admit or deny the remainder of the allegations.

## SECOND CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)

99. SGMS incorporates by reference its answers to all other paragraphs as if fully restated herein.

100. SGMS denies all allegations that relate to it in Paragraph 100. SGMS is without information sufficient to admit or deny the remainder of the allegations.

101. SGMS denies all allegations that relate to it in Paragraph 101. SGMS is without information sufficient to admit or deny the remainder of the allegations.

102. SGMS denies all allegations that relate to it in Paragraph 102. SGMS is without information sufficient to admit or deny the remainder of the allegations.

103. SGMS denies all allegations that relate to it in Paragraph 103. SGMS is without information sufficient to admit or deny the remainder of the allegations.

**THIRD CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and**
**the Internal Do Not Call Registry Class)**

104. SGMS incorporates by reference its answers to all other paragraphs as if fully restated herein.

105. SGMS denies all allegations that relate to it in Paragraph 105. SGMS is without information sufficient to admit or deny the remainder of the allegations.

106. SGMS denies all allegations that relate to it in Paragraph 106. SGMS is without information sufficient to admit or deny the remainder of the allegations.

107. SGMS denies all allegations that relate to it in Paragraph 107. SGMS is without information sufficient to admit or deny the remainder of the allegations

**PRAYER FOR RELIEF**

SGMS denies any wrongdoing to Plaintiff or others and denies that Plaintiff is entitled to any recovery in its PRAYER FOR RELIEF.

**AFFIRMATIVE AND OTHER DEFENSES**

Each of these defenses is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses asserted herein or which may hereafter be pleaded. SGMS reserves the right to raise such additional affirmative and other defenses as may be established during discovery and by the evidence in this case. SGMS asserts the following specific defenses:

**FIRST DEFENSE**

Plaintiff's Complaint and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action against SGMS or upon which relief may be granted.

10

## SECOND DEFENSE

Plaintiff's claims against SGMS are barred, in whole or in part, because Plaintiff's alleged injuries were caused by acts or omissions of the Plaintiff and/or third parties and/or by events outside the control of any of the parties and/or a superseding intervening cause and not by SGMS.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's requested relief is too speculative and/or remote and/or impossible to prove and/or allocate.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has sustained no damages or insufficient damages to retain a claim.

## FIFTH DEFENSE

SGMS did not directly or indirectly perform any acts to violate any rights of the Plaintiff or duty, if any, owed to the Plaintiff.

## SIXTH DEFENSE

SGMS did not knowingly or willfully violate the TCPA.

## SEVENTH DEFENSE

The TCPA violates the Fifth Amendment to the United States Constitution both on its face and as applied against SGMS because the TCPA violates SGMS's due process rights by threatening to impose damages grossly disproportional to any actual harm caused.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because reasonable practices and procedures have been established and implemented, with due care, to prevent violations of the TCPA. 47 USC § 227(c)(5)(C). Defendant's routine practices include: (1) written procedures to comply with the national DNC rules; (2) training of personnel on those procedures; (3) maintaining a list of numbers not to contact; (4) accessing the nation DNC database; and (5) not using the national DNC database for any reason other than compliance with the statute. 47 C.F.R. § 64.1200(c)(2)(i)(A)-(E).

## NINTH DEFENSE

Plaintiff's Complaint cannot be properly certified as a class action under Rule 23 of the Federal Rules of Civil Procedure. All references to a class action should be stricken from Plaintiff's Complaint.

## TENTH DEFENSE

This action, in whole or in part, is not maintainable as a class action because the proposed class does not satisfy the requirements for class certification under Federal Rule of Civil Procedure 23, including, but not limited to, class definition, ascertainability, numerosity, commonality, typicality, adequacy of representation, superiority, and manageability. The damages sought by the Plaintiff on behalf of the purported class cannot be recovered without specific proof by each purported class member that he or she has been injured.

## ELEVENTH DEFENSE

Plaintiff has no standing to pursue this claim. *See Spokeo, Inc. v. Robins*, 135 S. Ct. 1892, at *1 (Apr. 27, 2015).

## TWELFTH DEFENSE

The alleged calls were not made "on behalf of SGMS," and thus SGMS cannot be liable for any alleged violations of the TCPA.

## THIRTEENTH DEFENSE

SGMS is not vicariously liable for the actions of the calling party, if a third-party made the alleged calls in this case.

## FOURTEENTH DEFENSE

Plaintiff agreed to an arbitration clause, therefore this case should rightfully be compelled to arbitration.

## FIFTEENTH DEFENSE

Plaintiff has not pled and cannot establish the risk of immediate harm sufficient to sustain an action seeking an injunction.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by the statute of limitations, repose, or latches.

## SEVENTEENTH DEFENSE

Plaintiff provided consent to receive telephone calls.

## EIGHTEENTH DEFENSE

SGMS did not cause any injury to Plaintiff in this jurisdiction, and thus this Court lacks jurisdiction.

## RELIANCE ON JURY DEMAND

If Plaintiff is not subject to binding arbitration, then SGMS respectfully demands a jury trial for all issues submissible to the jury.

[*Remainder of Page Left Intentionally Blank*]

14

Respectfully submitted this 16th day of September, 2025.

DENTONS US LLP

*/s/  Bety Javidzad*
Bety Javidzad*
CA Bar No. 240598
601 South Figueroa Street, Suite 2500
Los Angeles, CA  90017-5704
Ph: (213) 243-6115
bety.javidzad@dentons.com

Mark A. Silver*
GA Bar No. 811928
303 Peachtree Street, NE, Suite 5300
Atlanta, GA  30308-3265
Ph: (404) 527-4671
mark.silver@dentons.com

*Motion for Pro Hac Vice Admission*
*Forthcoming*

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLP

/s/  *John E. Harris*
Christopher G. Smith
N.C. Bar No. 22767
John E. Harris
N.C. Bar No. 49253
P.O. Box 2611
Raleigh, NC 27602
Ph: (919) 821-1220; Fax: (919) 821-6800
csmith@smithlaw.com
jharris@smithlaw.com

*Attorneys for Defendant SGMS Inc. d/b/a Legal*
*Conversion Center*

15

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

This the 16th day of September, 2025.

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, LLP

/s/ *John E. Harris*
Christopher G. Smith
N.C. Bar No. 22767
John E. Harris
N.C. Bar No. 49253
P.O. Box 2611
Raleigh, NC 27602
Ph: (919) 821-1220; Fax: (919) 821-6800
csmith@smithlaw.com
jharris@smithlaw.com