**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No: 3:25-cv-00042-KDB-SCR**

WESLEY NEWMAN, on behalf of himself
and others similarly situated,

      Plaintiff,

    v.

DEMAYO LAW OFFICES, LLP and SMGS
INC. D/B/A LEGAL CONVERSION
CENTER

      Defendant.

**DEFENDANT DEMAYO LAW OFFICES,
LLP'S ANSWER TO PLAINTIFF'S
COMPLAINT**

## ANSWER  OF DEFENDANT DEMAYO LAW OFFICES, LLP

Defendant DeMayo Law Offices, LLP ("DeMayo Law"), pursuant to Fed.R.Civ.P. Rules 8 and 12, responds to the Complaint of Plaintiff Wesley Newman ("Newman") as follows:

## FIRST DEFENSE TO ALL CLAIMS FOR RELIEF

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response may be required, DeMayo Law admits that paragraph 1 consists of a lengthy quotation from a Supreme Court case. Except as stated, DeMayo Law denies the allegations of this paragraph.

2. DeMayo Law admits that the legal provisions of the TCPA speak for itself. Except as stated, DeMayo Law denies the allegations of this paragraph.

3. DeMayo Law admits that paragraph 3 is a recitation of the Plaintiff's view of the policy underlying the TCPA but denies that this has any applicability to the actions of DeMayo Law in this matter. Except as stated, DeMayo Law denies the allegations of this paragraph.

1

4. DeMayo Law admits that paragraph 4 is a lengthy recitation of various sections and related case law describing the TCPA, but denies that this has any applicability to the actions of DeMayo Law in this matter. Except as stated, DeMayo Law denies the allegations of this paragraph.

5. DeMayo Law admits that Plaintiff purports to bring this action under the TCPA but denies it violated the TCPA, authorized others to do so, or that it is vicariously liable for any alleged violations. DeMayo Law is without knowledge or information sufficient to form a belief as to whether other entities, known or unknown, violated the TCPA. Except as stated, DeMayo Law denies the allegations of this paragraph.

6. DeMayo Law adopts by reference and incorporates his response to the allegations of paragraph 5 *supra.* Except as stated, DeMayo Law denies the allegations of this paragraph.

7. DeMayo Law denies the allegations of this paragraph.

**PARTIES**

8. DeMayo Law is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph except that the Plaintiff represented to DeMayo Law that his area code was a Texas number.

9. DeMayo Law admits that it is a limited liability partnership under the laws of the State of North Carolina and does business within the Western District of North Carolina.

10. DeMayo Law admits that it entered into a contractual agreement with the Defendant SGMS Inc. d/b/a Legal Conversion Center ("LCC"), the terms of which provide the nature of the services and the scope of the contractual relationship. Except as stated DeMayo Law is without knowledge or information sufficient to form a belief as to the headquarters and principal place of business for LCC, and as to whether LCC is a "lead generation and telemarketing company."

2

11.     Admitted.

12.     DeMayo Law admits that this Court has personal jurisdiction over it. The remaining allegations of Paragraph 11 of the Complaint are not directed to DeMayo Law. To the extent a response may be required, DeMayo Law admits on information and belief that LCC conducted business in the State of North Carolina and within the Western District by entering into a contractual agreement with DeMayo Law.  Except as stated, DeMayo Law denies the allegations of this paragraph.

13.     DeMayo Law admits that venue is proper within the Western District, but otherwise denies the allegations of this paragraph.

**BACKGROUND**

14.     Paragraph 14 states a legal conclusion to which no response is required.  To the extent a response may be required, DeMayo Law denies it or any entity authorized to act on its behalf violated any prohibition on calling residential telephone numbers on the National Do Not Call Registry.

15.     Paragraph 15 characterizes a provision of the Code of Federal Regulations, to which no response is required.  To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with 47 C.F.R. § 64.1200(c)(2).

16.     Paragraph 16 quotes from a portion of a sentence of the Code of Federal Regulations, to which no response is required.  To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with 47 C.F.R. § 64.1200(c)(2).

3

17. Paragraph 17 characterizes a statute and the Code of Federal Regulations to which no response is required. To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with 47 U.S.C. § 227(c)(5) or 47 C.F.R. § 64.1200(c)(2).

18. Paragraph 18 recites the Plaintiff's characterization of a policy of the TCPA and quotes from a portion of a sentence of the TCPA to which no response is required. To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with the TCPA.

19. Paragraph 19 quotes from a portion of the TCPA to which no response is required. To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with the TCPA.

20. Paragraph 20 characterizes a portion of the TCPA to which no response is required. To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with 47 U.S.C. § 227(b)(1)(A).

21. Paragraph 21 is the Plaintiff's characterization of findings made by the Federal Communications Commission ("FCC") and a recitation of the Plaintiff's view of the policy that led to the enactment of the TCPA to which no response is required. To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with 47 U.S.C. § 227(b)(3).

22. Paragraph 22 is a recitation of the Plaintiff's view of the policy that led to the enactment of the TCPA which is apparently based on a concurring and dissenting opinion by Justices Gorsuch and Thomas to which no response is required. To the extent a response may be

4

required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with the TCPA.

23.     Paragraph 23 is a characterization of the TCPA which, without using quotations, appears to be taken in part from a decision of a District Court in Pennsylvania to which no response is required.  To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with the TCPA.

24.     Paragraph 24 quotes from a portion of the TCPA and then characterizes an FCC Enforcement Advisory, to which no response is required.  To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with the TCPA.

25.     Paragraph 25 is the Plaintiff's characterization of the result of a decision issued by a District Court in Pennsylvania to which no response is required.  To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with the TCPA.

## FACTUAL ALLEGATIONS

26.     Paragraph 26 states a legal conclusion to which no response is required.  To the extent a response may be required, To the extent a response may be required, DeMayo Law denies that it or any entity authorized to act on its behalf took any action inconsistent with the TCPA.

27.     DeMayo Law denies the allegations of this paragraph.

28.     DeMayo Law denies that allegations of this paragraph.

29.     DeMayo Law denies the allegations of this paragraph.

30.     DeMayo Law denies that allegations of this paragraph.

31.     DeMayo Law denies the allegations of this paragraph.

5

32.     DeMayo Law is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph.

33.     DeMayo Law is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of this paragraph except that, on information and belief, DeMayo Law denies that any of the alleged calls received by the Plaintiff were made on behalf of or with the authorization of DeMayo Law or that DeMayo Law is vicariously liable for any alleged calls and that any such calls violated the TCPA.

34.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

35.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

36.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

37.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*   DeMayo Law admits, on information and belief, that this paragraph alleges that Plaintiff invited further calls to a number ending in 6773, which Plaintiff claims is a VOIP number.

38.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.* DeMayo Law further admits that the Plaintiff has claimed that he was informed first that the calls were placed on behalf of Quinn Emanuel, a law firm, and the Pulaski Law Firm in Texas, and further that these calls were invited by the Plaintiff.

39.     DeMayo Law admits that, in response to a request by the Plaintiff for a further call, the Plaintiff was called, that the Plaintiff provided false information under a fictitious name and set of facts, and that the Plaintiff then received a proposed contract of representation which

6

authorized representation by DeMayo Law.  Except as stated, DeMayo Law denies the allegation of this paragraph.

40.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

41.     DeMayo Law denies that the Plaintiff sought to ascertain information but, in fact, that DeMayo Law sought to understand how the Plaintiff was contacted and, in the process, specifically informed the Plaintiff that any such contacts were not authorized by DeMayo Law and were in breach of its agreements.

42.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

43.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

44.     DeMayo Law denies the allegations of this paragraph.

45.     DeMayo Law adopts by reference and incorporates its response to paragraph 41 *supra.*  Except as stated, DeMayo Law is without knowledge or information sufficient to form a belief as to the truth or falsity of this paragraph.

46.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

47.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

48.     DeMayo Law adopts by reference and incorporates its response to paragraph 33 *supra.*

49. DeMayo Law adopts by reference and incorporates its response to paragraph 10 *supra*. Except as stated, DeMayo Law denies the allegations of this paragraph.

50. DeMayo Law denies the allegations of this paragraph.

51. Paragraph 51 is the Plaintiff's recitation of a portion of rules relating to the TCPA, but denies that the TCPA imposes (or that the FCC may impose) a standard of strict liability or otherwise impose liability when an entity acts without authorization. DeMayo Law denies that it is vicariously liable for any calls Plaintiff or putative class members allegedly received. Except as stated, DeMayo Law denies the allegations of this paragraph.

52. DeMayo Law adopts by reference and incorporates its response to paragraph 51 *supra*. DeMayo Law denies that it is vicariously liable for any calls Plaintiff or putative class members allegedly received.

53. DeMayo Law adopts by reference and incorporates its response to paragraph 51 *supra*. DeMayo Law denies that it is vicariously liable for any calls Plaintiff or putative class members allegedly received.

54. DeMayo Law adopts by reference and incorporates its response to paragraph 51 *supra*. DeMayo Law denies that it is vicariously liable for any calls Plaintiff or putative class members allegedly received.

55. DeMayo Law denies the allegations of this paragraph.

56. DeMayo Law denies the allegations of this paragraph.

57. DeMayo Law denies the allegations of this paragraph.

58. DeMayo Law denies the allegations of this paragraph.

59. DeMayo Law denies the allegations of this paragraph.

60. DeMayo Law denies the allegations of this paragraph.

8

61. DeMayo Law denies the allegations of this paragraph.

62. DeMayo Law denies the allegations of this paragraph.

63. DeMayo Law denies the allegations of this paragraph.

64. DeMayo Law denies the allegations of this paragraph.

65. DeMayo Law denies the allegations of this paragraph.

66. DeMayo Law denies the allegations of this paragraph.

67. DeMayo Law adopts by reference and incorporates its response to paragraph 51 *supra*.

68. DeMayo Law denies the allegations of this paragraph.

69. DeMayo Law denies the allegations of this paragraph.

70. DeMayo Law denies the allegations of this paragraph.

71. DeMayo Law denies the allegations of this paragraph.

72. DeMayo Law denies the allegations of this paragraph.

73. DeMayo Law denies the allegations of this paragraph.

74. DeMayo Law denies the allegations of this paragraph.

75. DeMayo Law denies the allegations of this paragraph.

76. DeMayo Law denies the allegations of this paragraph.

**CLASS ACTION ALLEGATIONS**

77. DeMayo Law adopts by reference and incorporates its responses to Paragraphs 1 through 76 of the Complaint.

78. DeMayo Law denies the allegations of this paragraph.

79. DeMayo Law denies the allegations of this paragraph.

80. DeMayo Law denies the allegations of this paragraph.

9

81. DeMayo Law denies the allegations of this paragraph.

82. DeMayo Law denies the allegations of this paragraph.

83. DeMayo Law admits that this Complaint purportedly seeks injunctive relief and damages but denies that the Plaintiff is entitled to injunctive relief or damages.

84. DeMayo Law denies the allegations of this paragraph.

85. DeMayo Law denies the allegations of this paragraph.

86. DeMayo Law denies the allegations of this paragraph.

87. DeMayo Law denies the allegations of this paragraph.

88. DeMayo Law denies the allegations of this paragraph.

89. DeMayo Law denies the allegations of this paragraph and each subpart thereof.

90. DeMayo Law denies the allegations of this paragraph.

91. DeMayo Law denies the allegations of this paragraph.

92. DeMayo Law denies the allegations of this paragraph.

93. DeMayo Law denies the allegations of this paragraph.

**FIRST CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

94. DeMayo Law adopts by reference and incorporates its responses to Paragraphs 1 through 93 of the Complaint.

95. DeMayo Law denies the allegations of this paragraph.

96. DeMayo Law denies the allegations of this paragraph.

97. DeMayo Law denies the allegations of this paragraph.

98. DeMayo Law denies the allegations of this paragraph.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**

10

**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do
Not Call Registry Class)**

99. DeMayo Law adopts by reference and incorporates its responses to Paragraphs 1 through 98 of the Complaint.

100. DeMayo Law denies the allegations of this paragraph.

101. DeMayo Law denies the allegations of this paragraph.

102. DeMayo Law denies the allegations of this paragraph.

103. DeMayo Law denies the allegations of this paragraph.

**THIRD CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the Internal Do
Not Call Registry Class**

104. DeMayo Law adopts by reference and incorporates its responses to Paragraphs 1 through 103 of the Complaint.

105. DeMayo Law denies the allegations of this paragraph.

106. DeMayo Law denies the allegations of this paragraph.

107. DeMayo Law denies the allegations of this paragraph.

**<u>SECOND DEFENSE TO ALL CLAIMS FOR RELIEF</u>**
**(Lack of Standing)**

Plaintiff and the members of the putative classes have not suffered injury in fact as a result of any alleged conduct by DeMayo Law, and therefore Plaintiff and the members of the class lack standing to assert a claim under Article III. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("Every class member must have Article III standing in order to recover individual damages").

11

## THIRD DEFENSE TO ALL CLAIMS FOR RELIEF
### (Statute of Limitations)

Upon information and belief, and subject to further investigation, DeMayo Law alleges that the claims of Plaintiff and/or members of the alleged classes he purports to represent are barred by the applicable statute of limitations to the extent their claims accrued more than four years prior to the filing of this action. 28 U.S.C. § 1658.

## FOURTH CLAIM FOR RELIEF TO ALL CLAIMS FOR RELIEF
### (Equitable Indemnity)

To the extent that Plaintiff or members of the putative class have suffered any damages as a result of any alleged act or omission of DeMayo Law, which DeMayo Law denies, DeMayo Law is entitled to equitable indemnity according to comparative fault from one or more other persons and/or entities causing or contributing to such damages, if any. On information and belief, any phone calls that form the purported basis for Plaintiffs' and the class members' claims against Defendants were not made by DeMayo Law, and if they were made, they were initiated by one or more other persons.

## FIFTH DEFENSE TO ALL CLAIMS FOR RELIEF
### (Non-Actionable Error)

To the extent that any violation of law occurred, which DeMayo Law expressly denies, said violation resulted from an error notwithstanding DeMayo Law's routine business practices intended to avoid such violation. The phone calls that form the purported basis for Plaintiff's claims and the class members' claims against DeMayo Law were not made by DeMayo Law, and if they were made, they were initiated by one or more other persons whom DeMayo Law reasonably understands and expects will not violate the statutes and regulations that form the basis of the Complaint.

<h2 style="text-align:center"><u>SIXTH DEFENSE TO ALL CLAIMS FOR RELIEF</u><br>(Apportionment)</h2>

Without admitting that any damages exist, if damages were suffered by Plaintiff or members of the putative classes as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than DeMayo Law, since DeMayo Law does not make phone calls as alleged in the Complaint. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of DeMayo Law should be reduced accordingly.

<h2 style="text-align:center"><u>SEVENTH DEFENSE TO ALL CLAIMS FOR RELIEF</u><br>(Established Business Relationship)</h2>

Without admitting that DeMayo Law is vicariously liable for any of the alleged phone calls, which DeMayo Law expressly denies, DeMayo Law asserts that there is no violation of law for any calls made to persons who had an established business relationship with DeMayo Law or the person or entity who made the alleged calls. *See* 47 C.F.R. §§ 64.1200(f)(5) and 64.1200(f)(14)(ii).

<h2 style="text-align:center"><u>EIGHTH DEFENSE TO ALL CLAIMS FOR RELIEF</u><br>(Prior Express Invitation or Permission)</h2>

Without admitting that DeMayo Law is vicariously liable for any of the alleged phone calls, which DeMayo Law expressly denies, DeMayo Law asserts that there is no violation of law for any calls received by persons who provided their prior express invitation or permission for the calls. *See* 47 C.F.R. §§ 64.1200(c)(2)(ii) and 64.1200(f)(14)(i).

<h2 style="text-align:center"><u>NINTH DEFENSE TO ALL CLAIMS FOR RELIEF</u><br>(Due Process)</h2>

Without admitting that DeMayo Law is vicariously liable for any of the alleged call attempts to Plaintiff or class members, which DeMayo Law expressly denies, DeMayo Law asserts that the imposition of an award of statutory damages against DeMayo Law for each of the alleged

13

violations of the TCPA would violate the Due Process Clause of the Constitution. *See, e.g., Golan v. FreeEats.Com, Inc.,* 930 F.3d 950 (8th Cir. 2019).

### TENTH DEFENSE TO ALL CLAIMS FOR RELIEF
**(Adequate Procedures Under 47 CFR § 64.1200(c)(2)(i)(A)-(E))**

Without admitting that DeMayo Law is vicariously liable for any of the alleged phone calls, which DeMayo Law expressly denies,  DeMayo Law cannot be held liable for any telephone solicitations that violate 47 CFR § 64.1200(c)(2) because any violation resulted from error in the face of the maintenance of adequate policies and procedures as part of  routine business practice that meet the standards in 47 CFR § 64.1200(c)(2)(i)(A)-(E).

### ELEVENTH DEFENSE TO ALL CLAIMS FOR RELIEF
**(Adequate Procedures Under 47 CFR § 64.1200(d)(1)-(6))**

Without admitting that DeMayo Law is vicariously liable for any of the alleged phone calls, which DeMayo Law expressly denies, DeMayo Law cannot be held liable for any telephone calls that violate 47 CFR § 64.1200(d) because adequate policies and procedures were maintained as part of its routine business practice that meet the standards in 47 CFR § 64.1200(d)(1)-(6).

### TWELFTH DEFENSE TO ALL CLAIMS FOR RELIEF
**(Prior Express Consent)**

Plaintiff and/or the putative class members provided prior express consent to receive the alleged calls.

### THIRTEETH DEFENSE TO ALL CLAIMS FOR RELIEF
**(Failure to Mitigate)**

Plaintiff and/or the putative class members, although under a legal obligation to do so, have failed to take reasonable steps to mitigate any alleged damages that they may have and are therefore barred from recovering damages, if any, from DeMayo Law.

14

**FOURTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**
**(No Willful or Knowing Conduct)**

If any conduct by DeMayo Law is found to be unlawful, which DeMayo Law expressly denies, such conduct was neither willful nor knowing, and such conduct should not give rise to liability, nor should Plaintiff or putative class members recover treble damages. *See* 47 U.S.C. §§ 227(b)(3)(C), 227(c)(5).

**FIFTHTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**
**(No Valid Underlying Claim)**

Without admitting that DeMayo Law is vicariously liable for any of the alleged phone calls, which DeMayo Law expressly denies, to the extent that any underlying claim against an entity alleged or proven to have made the phone calls is barred or dismissed, any claim against DeMayo Law based on a theory of vicarious liability must also be dismissed.

**SIXTEENTH DEFENSE TO ALL CLAIMS FOR RELIEF**
**(Failure to Join Necessary Parties)**

Should discovery disclose that the entity or entities that made the alleged violative phone calls are not parties to this Action, Plaintiff has failed to join necessary parties under Rule 19(a) of the Federal Rules of Civil Procedure.

15

**WHEREFORE**, having fully answered the Complaint of Plaintiff, the Defendant DeMayo Law Offices, LLP prays that:

1. The Plaintiff have and recover nothing on its Complaint;

2. The costs of this action, including DeMayo Law's attorneys' fees be taxed against the Plaintiff to the extent allowed under applicable law; and

3. This Court order such further relief as it deems just and appropriate.

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *James P. Cooney III*
James P. Cooney III (N.C. Bar No. 12140)
Emmett J. Whelan (N.C. Bar No. 58139)
301 South College Street, Suite 3500
Charlotte, North Carolina 28202
Telephone: (704) 331-4980
Email:  Jim.Cooney@wbd-us.com
Email: Emmett.Whelan@wbd-us.com

R. Travis Campbell (C.A. No. 271580)
50 California Street, Suite 2750
San Francisco, CA 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530
Email: travis.campbell@wbd-us.com

*Counsel for Defendant DeMayo Law Offices, LLP*