IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No: 3:25-cv-00042-KDB-SCR

WESLEY NEWMAN, on behalf of himself and others similarly situated,

    Plaintiff,

v.

DEMAYO LAW OFFICES, LLP and SMGS INC. D/B/A LEGAL CONVERSION CENTER

    Defendant.

Upon stipulation and agreement between Plaintiff Wesley Newman and Defendants DeMayo Law, LLP and SMGS Inc. d/b/a Legal Conversion Center (the "Parties"), through their respective counsel, agree as follows:

1.    For purposes of this Stipulated Protective Order, the following definitions shall apply:

    a.    "Confidential Information" means information will be designated as "Confidential" when a party, in good faith, believes that the information or document being produced qualifies for protection under Rule 26(c), including information protected from disclosure by statute, rule, or regulation; information consisting of or containing non-public commercial, proprietary, financial, or confidential business information; or other information of a non-public nature considered to be sensitive, confidential, or proprietary, including trade secrets, proprietary information or other confidential research, pricing information, or sensitive personal or personnel information (including personal identifying information ("PII") about a party, its employees, its clients, or third parties). Though PII

need not be redacted before production in discovery if the document containing it is marked as Confidential, any party that intends to file or otherwise publicly use documents produced in this action shall ensure that appropriate redactions are applied to any PII before such filing or use.

  b. "Highly Confidential Information" means any and all information produced or given which a Party reasonably believes to contain trade secrets or other proprietary, technical, financial, personal and highly private, or competitive information, which is designated by such Party as something that should be restricted to viewing by the attorneys (and their staff) only pursuant to the terms of the Stipulated Protective Order, including without limitation any documents that are subject to contractual confidentiality and non-disclosure obligations to third parties.

  c. "Action" means the above captioned lawsuit.

2. Any Party (including through counsel), and any non-party producing documents under a subpoena or providing testimony, may designate all or any part of any documents or information as Confidential Information or Highly Confidential Information, to the extent it determines, in good faith, that the documents or information include Confidential Information or Highly Confidential Information as defined above and that such designation is necessary to protect the interests of the Party or the non-party (as applicable). Appropriate designations shall be made by using the labels: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3. "CONFIDENTIAL" materials shall be maintained in confidence by each Party to whom such materials are produced and used solely in connection with the Action and shall not be disclosed to any person except:

a. any named Party or the Parties' officers, directors, in-house counsel, and employees deemed necessary to aid counsel in the prosecution and defense of this Action;

b. the outside legal counsel of the Parties, including such counsel's office attorneys, paralegals and clerical employees;

c. the Court (including any clerk, stenographer, or other person having access to any Confidential Information or Highly Confidential Information by virtue of his or her position with the Court);

d. a deponent or witness in this Action, provided that any such deponent or witness has signed an undertaking in the form of Exhibit A hereto; except that the deponent or witness need not sign an undertaking in the form of Exhibit A if the Party wishing to use Confidential Information or Highly Confidential Information material can show that the deponent or witness was the author or recipient of the Confidential Information or Highly Confidential Information material;

e. any other outside experts or consultants used or retained in connection with the Action to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of the Action, provided that any such expert or consultant has signed an undertaking in the form of Exhibit A hereto; and

f. non-parties engaged by counsel for the limited purposes of storing and managing electronically stored information ("ESI") exchanged by the Parties, copying documents, or providing messenger service for documents to the extent reasonably necessary for use in preparation for and participation in trial of and proceedings in the Action. Documents in the possession of such non-parties shall be deemed to be in the constructive possession of counsel releasing the documents, who shall remain responsible for assuring compliance with this Order

while the documents are in the possession of such non-parties.

4. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall not be disclosed to any person except those identified in Paragraphs 3(b) through 3(f), above. Provided, however, that if any deponent or witness pursuant to 3(d) above is a named Party or an officer, director, in-house counsel, and employee of a Party, then counsel for the Party that disclosed the "Highly Confidential – Attorneys' Eyes Only" materials must consent before the deponent or witness may view the materials. Notwithstanding the foregoing, "Highly Confidential – Attorneys' Eyes Only" materials, if relevant, may be shown to Plaintiff during examination of Plaintiff at his deposition or to either Party for purposes of argument or soliciting testimony at a hearing or trial in this matter, and the Party may be questioned about the materials (subject to and without waiving any evidentiary objections of any Party). Nothing in this Order prevents the non- designating Party's counsel from showing to the non-designating Party a document marked "Highly Confidential – Attorney's Eyes Only" if the designating Party knowingly and voluntarily sent the non-designating Party the document before December 31, 2022, or a non-designating Party otherwise reviewed the document through lawful access before December 31, 2022, but such document shall be and remain subject to all other protections in this Stipulated Protective Order for materials designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and such other confidentiality and use restrictions and obligations that apply to such document and the non-designating Party, and counsel for the non-designating Party may not provide the non-designating Party a copy of or excerpts from the document. If extenuating circumstances require counsel for the non-designating Party to give an excerpt from the materials to the non-designating Party for purposes of deposition or trial preparation, the Parties agree to discuss an exception, along with mitigating measures to protect the materials, in good faith.

5. All materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall be so designated at the time of production. If the producing Party or producing non-party inadvertently fails to designate any material at the time of production, the producing Party or non-party may subsequently make such designation by notifying the other Party or Parties in writing as soon as practicable without prejudice. Upon receiving such written notice, the other Party or Parties shall make all reasonable efforts to return or destroy the material, and the producing Party or non-party shall provide a new version of the material with the correct designation, and all Parties shall treat it according to the terms of this Stipulated Protective Order.

6. All transcripts of depositions will be treated as Highly Confidential Information in their entirety for thirty (30) days after the date a copy of the final transcript has been made available to the deponent (or to the deponent's counsel, if applicable) for review. At any time during the thirty (30) days following receipt of the final transcript, the deponent or any Party may designate all or any part of the testimony as Confidential Information or Highly Confidential Information. Such designations must be provided in writing by the deponent or by the relevant Party. For purposes of this paragraph, a transcript that is available for the deponent to read-and-sign is considered a final transcript.

7. Except as provided herein or unless and until agreed by the undersigned Parties in writing, all materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only", and any information derived from such materials, shall be kept and treated as confidential and shall be used only for purposes of the prosecution and/or defense of this Action and under no circumstances be used for any other purpose, including commercial, business, professional, competitive, or other purposes; provided however, that the foregoing shall not apply to information that is or becomes part of the public record without violation of this Stipulated Protective Order or

other confidentiality obligation. As used herein, the phrase "prosecution and/or defense of this Action" shall mean preparation for and action of this matter, including specifically, but not exclusively, discovery related to the above-captioned matter, litigation of this matter, and preparation for, participation in, and prosecution and defense of, any appeal of, motion, hearing, review or other judicial proceeding in this Action. Nothing in this paragraph shall be interpreted to prevent a Party's counsel from referencing the fact of the production of a specific confidential document in this Action in the event that the producing Party denies the existence of such a document in response to a discovery request served in a separate proceeding or to support a motion to compel production of that document in the separate proceeding.

8. All information subject to confidential treatment in accordance with the terms of this Order that is filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information or Highly Confidential Information, shall be filed under seal to the extent permitted by law (including without limitation any applicable rules of court) and kept under seal until further order of the Court. If the Court requires any further act by the Parties as a precondition to the filing of documents under seal (beyond the submission of this Order), it shall be the obligation of the Party filing the documents with the Court to satisfy any such precondition. If possible, only confidential portions of filings with the Court shall be filed under seal.

9. The Parties, in conducting discovery from non-parties, may provide to each non-party a copy of this Order and advise such non-parties that they may designate as Confidential Information all or any part of any documents or information that they produce.

10. The recipient of any Confidential Information or Highly Confidential Information disclosed pursuant to this Stipulated Protective Order and permitted by this Order to retain the

Confidential Information or Highly Confidential Information shall maintain the Confidential Information or Highly Confidential Information in a secure manner and shall exercise due and proper care to protect its confidentiality, integrity and security.

11. Within 60 days of a written request after the final termination of this Action, the Parties and their counsel shall either (a) return all such materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in their possession, including all copies of such materials that were made by them or at their direction, to the party who originally produced such materials; or (b) destroy all such materials. Termination of this Action shall not, however, relieve any person to whom such materials were disclosed, including counsel and representatives of record for the Parties, from the obligation of maintaining the confidentiality of those materials received pursuant to this Stipulated Protective Order. Counsel for the receiving Party may keep copies of the materials for counsel's records, which will remain subject to the terms of this Stipulated Protective Order. Any Party may object to the designation by any other Party (or non-party) of any materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by notifying the Party (or non-party, as applicable) that designated the material as confidential in writing and stating the basis for its objection. If the objecting Party and the producing Party (or non-party, as applicable) thereafter are unable to resolve the matter within 7 days, the objecting Party may file a motion with the Court to overrule the confidentiality designation of the materials. The Parties' entry into this Stipulated Protective Order shall not preclude or prejudice either Party from arguing for or against any designation, establish any presumption that a particular designation is valid, or alter the burden of proof that would otherwise apply in a dispute over discovery or disclosure of information. Notwithstanding any challenge to a designation, the materials designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in question shall

continue to be treated as designated under this Stipulated Protective Order until one of the following occurs: (i) the Party who made the designation withdraws such designation in writing; or (ii) the Court rules that the material in question is not entitled to the designation.

12. Nothing in this Order shall be construed to prohibit a Party from producing documents, material, or information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in its possession pursuant to a subpoena or other legal process outside of this Action, provided that the Party is authorized to be in possession of such documents, materials, or information and if subpoenaed, gives notice of such subpoena to the original producing Party as soon as possible and, in any event, within five (5) days after receiving such subpoena. The subpoenaed Party shall not produce any of the producing Party's "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designated documents, materials, or information for a period of at least five (5) days after providing the required notice to the producing Party. If, within five (5) days of receiving such notice, the producing Party opposes production of its "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designated documents, materials, or information pursuant to the subpoena, the subpoenaed Party shall reasonably cooperate with the producing Party in seeking to quash such subpoena and shall not thereafter produce such documents, material, or information pursuant to the subpoena except pursuant to a court order requiring compliance with the subpoena.

13. Designation of a document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not restrict the use by a Party outside of this Action of similar or identical documents or information contained therein if the Party is in lawful possession of such documents or information from sources other than the other Party in this Action. In addition, nothing in this Stipulated Protective Order shall prevent disclosure beyond the terms of this Stipulated Protective

Order (i) if the person designating the material as "Confidential" or "Highly Confidential -- Attorneys Eyes Only" expressly consents in writing before such disclosure in this Action, (ii) if the disclosure is required by law, or (iii) if the Court orders such disclosure. Nothing in this Stipulated Protective Order shall be construed as a restriction on the use or disclosure of materials by the person who was in lawful possession of and produced the materials, or otherwise limit a person's ability to publicly disclose its own Confidential Information or Highly Confidential Information. Nothing in this Stipulated Protective Order amends or waives the rights or obligations of the Parties under any separate written confidentiality agreement between them. This Stipulated Protective Order shall not bar any attorney of record in this Action from, in the course of rendering advice to his or her client with respect to this Action, conveying to any party client the attorney's evaluation in a general way of information designated as "Confidential" or "Highly Confidential –Attorneys Eyes Only" produced or exchanged in the Action; provided, however that in rendering such advice and otherwise communicating with his or her client, the attorney shall not disclose the specific contents of any materials designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" produced by another party to this Stipulated Protective Order which disclosure would be contrary to the terms of this Protective Order.

14. Agreeing to or complying with this Order is not an admission that any particular document or information contains trade secrets, sensitive, proprietary or private information, or other confidential matters. Nothing in this Order shall affect the discoverability, introduction into evidence or admissibility of any documents, information, or things, nor shall any Party's compliance with this Order be deemed to waive that Party's right to object to the production of documents, information, and things on appropriate grounds; to object to the introduction or admissibility of any evidence; to move to compel production of documents, information, and

things wrongfully withheld from production; to assert appropriate privileges and immunities in response to discovery requests; or to seek additional protection or other modification of this Order.

15. Procedures for use of Confidential Information or Highly Confidential Information at trial of this matter shall be the subject of further order of the Court. The attorneys for the Parties shall consult each other and the Court before trial to define appropriate measures to protect the confidentiality of Confidential Information at trial.

16. This Stipulated Protective Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of this Court. For the purpose of proceeding with discovery or other exchange of information or documents without delay, any Confidential or Highly Confidential Information produced under this Stipulated Protective Order shall be protected by the Parties under these terms pending the Court's approval of this Stipulated Protective Order. Nothing in this Stipulated Protective Order shall preclude any Party from seeking any alternative or additional protection with respect to the use and disclosure of any documents or materials in the Action or any other proceeding.

17. The obligations created by this Stipulated Protective Order shall survive the termination of this Action unless otherwise modified by the Court. The Court shall retain jurisdiction, even after termination of this Action, to enforce this Stipulated Protective Order and to make such amendments and modifications to this Stipulated Protective Order as may be appropriate.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:     11/20/2025          */s/ Anthony Paronich*
                                                            Counsel for Plaintiff Wesley Newman

Dated:     11/20/2025          */s/ Emmett J. Whelan*
                                                            Counsel for Defendant DeMayo Law, LLP

Dated:     11/20/2025          */s/ John Harris*
                                                           Counsel for Defendant SMGS Inc. d/b/a Legal Conversion Center

**IT IS ORDERED** that the foregoing Agreement is approved.

This _____ day of _____, 2025.

                                                            _____
                                                            United States District Judge

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No: 3:25-cv-00042-KDB-SCR

| | |
|---|---|
| WESLEY NEWMAN, on behalf of himself and others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>DEMAYO LAW OFFICES, LLP and SMGS INC. D/B/A LEGAL CONVERSION CENTER<br><br>      Defendant. | |

The undersigned acknowledges that he or she has been given access to certain documents or testimony covered by the Protective Order in this case, that he or she has read, understands, and agrees to be bound by the terms and conditions of the Protective Order, that he or she consents to the jurisdiction of the United States District Court for the Western District of North Carolina, for purposes of enforcing this Protective Order, and that he or she has been designated as an Authorized Person under the terms of this Protective Order.

The undersigned further understands that the Protective Order prohibits him or her from disclosing or discussing the contents of any document or other material designated in accordance with the Protective Order to or with any person other than those individuals identified in the Protective Order. The undersigned further understands that his or her use of such documents or material is limited to those uses authorized by the Protective Order.

                                                                      _____