-----------------------------------------------------------

WESLEY NEWMAN, on behalf of itself and
all others similarly situated,

              Plaintiff,

        v.

DEMAYO LAW OFFICES, LLP,
CONVERGE MARKETING, LLC F/K/A
CONVERGE DIRECT, LLC and SGMS INC.
D/B/A LEGAL CONVERSION CENTER,

              Defendants.

-----------------------------------------------------------

**NO. 3:25-CV-00042-KDB-DCK**

**CONVERGE MARKETING, LLC'S ANSWER TO FIRST AMENDED COMPLAINT**

**CLASS ACTION**

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Converge Marketing, LLC ("Defendant"), by and through its undersigned attorneys, upon knowledge as to its own actions and upon information and belief as to all other matters, hereby answers the First Amended Complaint (the "Amended Complaint") (ECF No. 47) of Plaintiff Wesley Newman ("Plaintiff") and states as follows:

**GENERAL DENIAL AND RESERVATION OF RIGHTS**

Except as herein specifically and expressed admitted, each and every allegation in the Amended Complaint is expressly denied. Any factual averment is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, innuendos, or speculation contained in any averment or in the Amended Complaint as a whole. Defendant denies any allegations contained in headings, footnotes, or unnumbered paragraphs in the Amended Complaint. Defendant further denies that Plaintiff is entitled to any of his requested relief or any other relief whatsoever. Defendant reserves the right to amend or supplement this Answer,

including its affirmative defenses.  In submitting this Answer, Defendant expressly preserves and does not waive any applicable rights, defenses or objections.  Unless expressly stated herein, nothing in this Answer should be construed as an admission regarding the existence of any facts set forth in the Amended Complaint.  Defendant makes no representations, concessions, or admissions regarding the relevance or admissibility of any facts set forth in the Amended Complaint.  Defendant further reserves all rights to amend and supplement its Answer as information becomes available and as may be necessary.

## <u>RESPONSES TO SPECIFIC ALLEGATIONS</u>

Numbered paragraphs below correspond to the like-numbered paragraphs in the Amended Complaint.  Incorporating the foregoing General Denial and Reservation of Rights, Defendant states as follows in response to the specific allegations set forth in the Amended Complaint:

1. The allegations in Paragraph 1 constitute conclusions of law to which no response is required.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 1.  To the extent the allegations in Paragraph 1 purport to describe the contents of, or otherwise characterize, a judicial opinion, Defendant refers the Court to that document for its complete and accurate contents.  Defendant otherwise denies the allegations in Paragraph 1.

2. The allegations in Paragraph 2 constitute conclusions of law to which no response is required.

3. To the extent the allegations in Paragraph 3 describe the contents of, or otherwise characterize a statute, Defendant refers the Court to that document for its complete and accurate contents.  Defendant otherwise denies the allegations in Paragraph 3.

2

4. The allegations in Paragraph 4 constitute conclusions of law to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 4. To the extent the allegations in Paragraph 4 purport to describe the contents of, or otherwise characterize, a federal regulation and judicial opinion, Defendant refers the Court to those documents for their complete and accurate contents. Defendant otherwise denies the allegations in Paragraph 4.

5. To the extent the allegations in Paragraph 5 describe the contents of, or otherwise characterize the Amended Complaint, Defendant refers the Court to that document for its complete and accurate contents. Defendant otherwise denies the allegations in Paragraph 5.

6. To the extent the allegations in Paragraph 6 describe the contents of, or otherwise characterize the Amended Complaint, Defendant refers the Court to that document for its complete and accurate contents. Defendant otherwise denies the allegations in Paragraph 6.

7. The allegations in Paragraph 7 constitute conclusions of law to which no response is required. Defendant otherwise denies the allegations in Paragraph 7.

**<u>PARTIES</u>**

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 8. Defendant denies the allegations in Paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 9. Defendant denies the allegations in Paragraph 9.

10. Defendant admits that DeMayo contracted with Lacuna Ventures, LLC. Defendant admits that Converge Direct, LLC filed for bankruptcy on or about December 7, 2023 in the case entitled *In re Troika Media Group, Inc, et al.*, No. 23-11969 (S.D.N.Y.). Defendant admits that Converge Direct, LLC was a New York limited liability company. Defendant admits that

3

Converge Marketing, LLC (New Converge) is a New York limited liability company. Without conceding that Plaintiff was entitled to notice of Converge Direct, LLC's bankruptcy, Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegation that it did not notify Plaintiff of the bankruptcy proceedings. The allegation in Paragraph 10 that Converge is a successor entity constitutes a conclusion of law to which no response is required. Converge otherwise denies the allegations in Paragraph 10 unless expressly admitted.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 11. Defendant denies the allegations in Paragraph 11.

## JURISDICTION AND VENUE

12. The allegations in Paragraph 12 constitute conclusions of law to which no response is required.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegation about where DeMayo is headquartered or has its principal place of business. Defendant admits that it is subject to specific personal jurisdiction in this case in this Court. Defendant otherwise denies the allegations in Paragraph 13 unless expressly admitted.

14. Defendant admits that venue is proper in this District. Defendant otherwise denies the allegations of Paragraph 14.

## BACKGROUND

The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry

15. The allegations in Paragraph 15 constitute conclusions of law to which no response is required.

16. The allegations in Paragraph 16 constitute conclusions of law to which no response is required.

4

17. The allegations in Paragraph 17 constitute conclusions of law to which no response is required.

18. The allegations in Paragraph 18 constitute conclusions of law to which no response is required.

19. The allegations in Paragraph 19 constitute conclusions of law to which no response is required.

20. The allegations in Paragraph 20 constitute conclusions of law to which no response is required.

21. The allegations in Paragraph 21 constitute conclusions of law to which no response is required.

22. The allegations in Paragraph 22 constitute conclusions of law to which no response is required.

23. The allegations in Paragraph 23 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 23 purport to describe the contents of, or otherwise characterize, a judicial opinion, Defendant refers the Court to that document for its complete and accurate contents.

24. The allegations in Paragraph 24 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 24 purport to describe the contents of, or otherwise characterize, a judicial opinion, Defendant refers the Court to that document for its complete and accurate contents.

25. The allegations in Paragraph 25 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 25 purport to describe the contents of, or

otherwise characterize, a federal regulation and FCC Advisory, Defendant refers the Court to those documents for their complete and accurate contents.

26. The allegations in Paragraph 26 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 26 purport to describe the contents of, or otherwise characterize, a statute and judicial opinion, Defendant refers the Court to those documents for their complete and accurate contents.

## FACTUAL ALLEGATIONS

27. The allegations in Paragraph 27 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 27 purport to describe the contents of, or otherwise characterize, a statute, Defendant refers the Court to that document for its complete and accurate contents.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 28. Defendant denies the allegations in Paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 29. Defendant denies the allegations in Paragraph 29.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 30. Defendant denies the allegations in Paragraph 30.

31. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 31. Defendant denies the allegations in Paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 32. Defendant denies the allegations in Paragraph 32.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 33. Defendant denies the allegations in Paragraph 33.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 34. Defendant denies the allegations in Paragraph 34.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 35. Defendant denies the allegations in Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 36. Defendant denies the allegations in Paragraph 36.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 37. Defendant denies the allegations in Paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 38. Defendant denies the allegations in Paragraph 38.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 39. Defendant denies the allegations in Paragraph 39.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 40. Defendant denies the allegations in Paragraph 40.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 41. Defendant denies the allegations in Paragraph 41.

42. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 42. Defendant denies the allegations in Paragraph 42.

43. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 43. Defendant denies the allegations in Paragraph 43.

44. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 44. Defendant denies the allegations in Paragraph 44.

45.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 45.  Defendant denies the allegations in Paragraph 45.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 46.  Defendant denies the allegations in Paragraph 46.

47.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 47.  Defendant denies the allegations in Paragraph 47.

48.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 48.  Defendant denies the allegations in Paragraph 48.

49.     Defendant denies allegations in Paragraph 49.

50.     Defendant lacks knowledge or information sufficient to form a belief as to the trut1 or the falsity of the allegations in Paragraph 50.  Defendant denies the allegations in Paragraph 50.

51.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 51.  Defendant denies the allegations in Paragraph 51.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 52.  Defendant denies the allegations in Paragraph 52.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 53.  Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 55.  Defendant denies the allegations in Paragraph 55.

56.     Defendant denies the allegations in Paragraph 56.

57.     To the extent the allegations in Paragraph 57 purport to describe the contents of, or otherwise characterize, a FCC-authored document, Defendant refers the Court to that document for its complete and accurate contents.

58.     The allegations in Paragraph 58 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 58 purport to describe the contents of, or otherwise characterize, a FCC-authored document, Defendant refers the Court to that document for its complete and accurate contents.

59.     The allegations in Paragraph 59 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 59 purport to describe the contents of, or otherwise characterize, a FCC-authored document, Defendant refers the Court to that document for its complete and accurate contents.

60.     The allegations in Paragraph 60 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 60 purport to describe the contents of, or otherwise characterize, a regulatory document, Defendant refers the Court to that document for their complete and accurate contents.

61.     The allegations in Paragraph 61 constitute conclusions of law to which no response is required.

62.     Defendant admits that DeMayo entered into a Master Services Agreement and Statement of Work with Lacuna Ventures, LLC.  To the extent the allegations in Paragraph 62 purport to describe the contents of, or otherwise characterize, such documents, Defendant refers the Court to those documents for their complete and accurate contents.  Defendant otherwise denies the allegations in Paragraph 62.

63.     Defendant admits the allegations in Paragraph 63.

9

64. Defendant denies the allegations in Paragraph 64.

65. Defendant admits the allegations in Paragraph 65.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 66. Defendant denies the allegations in Paragraph 66.

67. Defendant admits that Converge Direct, LLC discussed as a business matter whether to cover some part of Mr. Newman's demand in the amount of approximately $1,000-$3,000 to appease its client DeMayo before negotiations between DeMayo and Mr. Newman failed. To the extent the allegations in Paragraph 67 purport to describe the contents of, or otherwise characterize, a document, Defendant refers the Court to that document for its complete and accurate contents. Converge otherwise denies the allegations in Paragraph 67.

68. Defendant denies the allegations of Paragraph 68.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 69. Defendant denies the allegations in Paragraph 69.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 70. Defendant denies the allegations in Paragraph 70.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 71. Defendant denies the allegations in Paragraph 71.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 72. Defendant denies the allegations in Paragraph 72.

73. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 73. Defendant denies the allegations in Paragraph 73.

74. Defendant denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 about what a reasonable seller or company would do and what is "highly-illegal" constitute conclusions of law to which no response is required. Defendant otherwise denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 about what a reasonable seller would do constitute conclusions of law to which no response is required. Defendant otherwise denies the allegations in Paragraph 76.

77. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 77. Defendant otherwise denies the allegations in Paragraph 77.

78. Defendant denies the allegations in Paragraph 78.

79. The allegations in Paragraph 79 constitute conclusions of law to which no response is required.

80. To the extent the allegations in Paragraph 80 purport to describe the contents of, or otherwise characterize, a judicial opinion, Defendant refers the Court to that document for its complete and accurate contents.

81. The allegations in Paragraph 81 constitute conclusions of law to which no response is required.

82. Defendant admits that Converge Direct, LLC agreed to pay for limited legal costs related to Mr. Newman's letter to DeMayo. To the extent the allegations in Paragraph 82 purport to describe the contents of, or otherwise characterize, a document, Defendant refers the Court to that document for its complete and accurate contents.

83. To the extent the allegations in Paragraph 83 purport to describe the contents of, or otherwise characterize, a document, Defendant refers the Court to the document for its complete and accurate contents.

84. The allegations in Paragraph 84 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 84 require a response, the allegations purport to describe the contents of, or otherwise characterize, a statute and judicial opinion, Defendant refers the Court to those documents for their complete and accurate contents. Defendant otherwise denies the allegations of Paragraph 84.

85. The allegations in Paragraph 85 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 84 require a response, the allegations purport to describe the contents of, or otherwise characterize, judicial opinions, Defendant refers the Court to those documents for their complete and accurate contents. Defendant otherwise denies the allegations of Paragraph 85.

86. The allegations in Paragraph 86 constitute conclusions of law to which no response is required. Defendant otherwise denies the allegations of Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. The allegations in Paragraph 88 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 88 require a response, the allegations purport to describe the contents of, or otherwise characterize, a judicial opinion, Defendant refers the Court to that document for its complete and accurate contents. Defendant otherwise denies the allegations of Paragraph 88.

89. To the extent the allegations in Paragraph 89 purport to describe the contents of, or otherwise characterize, a document, Defendant refers the Court to the document for its complete and accurate contents.

90. The allegations in Paragraph 90 constitute conclusions of law to which no response is required. Defendant otherwise denies the allegations of Paragraph 90.

91. The allegations in Paragraph 91 constitute conclusions of law to which no response is required. To the extent the allegations in Paragraph 91 require a response, the allegations purport to describe the contents of, or otherwise characterize, a judicial opinion, Defendant refers the Court to that document for its complete and accurate contents. Defendant otherwise denies the allegations of Paragraph 91.

92. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 92. Defendant denies the allegations in Paragraph 92.

93. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 93. Defendant denies the allegations in Paragraph 93.

94. Defendant admits that another entity placed calls to obtain potential clients for DeMayo. To the extent that the allegation in Paragraph 94 that the calls concerned "goods and services" constitutes a conclusion of law, no response is required, Defendant otherwise denies the allegations of Paragraph 94.

95. The allegations in Paragraph 95 constitute conclusions of law to which no response is required. Defendant otherwise denies the allegations of Paragraph 95.

96. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 96. Defendant denies the allegations in Paragraph 96.

13

97. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 97. Defendant otherwise denies the allegations in Paragraph 97.

98. Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 98. Defendant otherwise denies the allegations in Paragraph 98.

99. Defendant denies the allegations in Paragraph 99.

100. Defendant denies the allegations in Paragraph 100.

## CLASS ACTION ALLEGATIONS

101. Defendant incorporates by reference and incorporates its answers to Paragraphs 1 through 100 of the Amended Complaint in their entirety

102. Defendant denies the allegations in Paragraph 102.

103. Defendant denies the allegations in Paragraph 103.

104. Defendant denies the allegations in Paragraph 104

105. Defendant denies the allegations in Paragraph 105.

106. Defendant denies the allegations in Paragraph 106.

107. Defendant admits that the Amended Complaint purportedly seeks injunctive relief and damages but denies that Plaintiff is entitled to injunctive relief or damages.

108. Defendant denies the allegations in Paragraph 108.

109. Defendant denies the allegations in Paragraph 109.

110. Defendant denies the allegations in Paragraph 110.

111. Defendant denies the allegations in Paragraph 111.

112. Defendant denies the allegations in Paragraph 112.

113.    Defendant denies the allegations in Paragraph 113.

114.    Defendant denies the allegations in Paragraph 114.

115.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or the falsity of the allegations in Paragraph 115. Defendant denies the allegations in Paragraph 115.

116.    Defendant denies the allegations in Paragraph 116.

117.    Defendant denies the allegations in Paragraph 117.

## FIRST CAUSE OF ACTION

### Summary Violations of the Telephone Consumer Protection Act

### (47 U.S.C. § 227(b) on behalf of the Robocall Class

118.    Defendant incorporates by reference and incorporates its answers to Paragraphs 1 through 117 of the Amended Complaint in their entirety.

119.    Defendant denies the allegations in Paragraph 119.

120.    Defendant denies the allegations in Paragraph 120.

121.    Defendant denies the allegations in Paragraph 121.

122.    Defendant denies the allegations in Paragraph 122.

## SECOND CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act

### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do

### Not Call Registry Class

123.    Defendant incorporates by reference and incorporates its answers to Paragraphs 1 through 122 of the Amended Complaint in their entirety

124.    Defendant denies the allegations in Paragraph 124.

125. Defendant denies the allegations in Paragraph 125.

126. Defendant denies the allegations in Paragraph 126.

127. Defendant denies the allegations in Paragraph 127.

## THIRD CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act

### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(d) on behalf of Plaintiff and the National Do Not Call Registry Class

128. Defendant incorporates by reference and incorporates its answers to Paragraphs 1 through 127 of the Amended Complaint in their entirety.

129. Defendant denies the allegations in Paragraph 130.

130. Defendant denies the allegations in Paragraph 131.

131. Defendant denies the allegations in Paragraph 131.

### RESPONSE TO PRAYER FOR RELIEF AND JURY DEMAND:

The "WHEREFORE" Paragraph on page 23 of the Amended Complaint states the relief sought by Plaintiffs. Defendant denies that Plaintiff is entitled to any relief whatsoever in this action. Furthermore, Defendant objects to a trial by jury on Plaintiff's claims and all other issues to which Plaintiffs are not entitled to a jury trial as a matter of law.

### AFFIRMATIVE DEFENSES

Without admitting any wrongful conduct on the part of Defendant, and without admitting that Plaintiff suffered any loss, damage, or injury, or is entitled to any relief sought in the Amended Complaint, Defendant states the following affirmative and/or other defenses. By designating the following as affirmative defenses, Defendant does not in any way waive or limit any defenses that are or may be raised by its denials, allegations, and averments set forth herein. To the extent that a defense asserted herein as an "Affirmative Defense" is an ordinary defense, Defendant does not

16

intend to, and do not, assume any burden of proof, production, or persuasion that would not apply if such defense were not asserted herein. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations. These defenses are pleaded in the alternative, and are raised to preserve Defendant's rights to assert such defenses, and are without prejudice to its ability to raise other and further defenses.

## FIRST DEFENSE

The Complaint fails to state, in whole or in part, a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff lacks standing to maintain the claims alleged in the Amended Complaint.

## THIRD DEFENSE

There is no violation of law for any calls made to persons who had an established business relationship with DeMayo, Defendant or the entity that made the alleged calls.

## FOURTH DEFENSE

There is no violation of law for any calls received by persons who provided their prior express invitation or permission for the calls.

## FIFTH DEFENSE

Plaintiff's claims are barred by the statute of limitations, repose and/or laches.

## SIXTH DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims.

## SEVENTH DEFENSE

Defendant is entitled to equitable indemnity from the entity that allegedly called Plaintiff and caused Plaintiff's damages, if any.

**EIGHTH DEFENSE**

Defendant is entitled to equitable indemnity from DeMayo for preventing settlement with Plaintiff.

**NINTH DEFENSE**

To the extent that any violation of law occurred, which Defendant expressly denies, said violation resulted from an error notwithstanding Defendant's routine business practices intended to avoid such violation. The alleged phone calls that form the basis for Plaintiff's claims and the class members' claims against Defendant were not made by Defendant, and if they were made, they were initiated by one or more other persons whom Defendant reasonably understands and expects will not violate the statutes and regulations that form the basis of the Amended Complaint.

**TENTH DEFENSE**

The imposition of an award of statutory damages against Defendant for each of the alleged violations of the TCPA would violate the Due Process Claus of the Constitution of the United States.

**ELEVENTH DEFENSE**

The damages suffered by Plaintiff and/or by putative class members, if any, were caused by independent, intervening, and/or superseding events beyond Defendant's control and unrelated to Defendant's conduct, and/or by the policies, practices, acts, or omissions of independent persons or entities other than Defendant over which Defendant has no control.

**TWELFTH DEFENSE**

This action cannot be maintained as a class action because Plaintiffs cannot satisfy the requirements to proceed under Rule 23 of the Federal Rules of Civil Procedure.

18

## THIRTEENTH DEFENSE

This action cannot be maintained as a class action because the interests of the putative class members are in conflict with each other.

## FOURTEENTH DEFENSE

Defendant cannot be held liable for any telephone solicitations that violate 47 CFR § 64.1200(c)(2)(i)(A)-(E) because any violation resulted from error in the face of the maintenance of adequate policies and procedures as part of routine business practices that meet the standards in 47 CFR § 64.1200(c)(2)(i)(A)-(E).

## FIFTEENTH DEFENSE

Defendant cannot be held liable for any telephone solicitations that violate 47 CFR § 64.1200(d)(1)-(6) because any violation resulted from error in the face of the maintenance of adequate policies and procedures as part of routine business practices that meet the standards in 47 CFR § 64.1200(d)(1)-(6).

## SIXTEENTH DEFENSE

Plaintiff's claim for damages is speculative.

## SEVENTEENTH DEFENSE

Plaintiff's claims fail to the extent they seek damages exceeding those permitted under the law or any applicable statute, rule, or regulation.

## EIGHTEENTH DEFENSE

Plaintiff and/or the purported class members, although under a legal obligation to do so, have failed to take reasonable steps to mitigate any alleged damages that they may have and are therefore barred from recovering damages, if any, from Defendant.

## NINETEENTH DEFENSE

If any conduct of Defendant is found to be unlawful, such conduct was neither willful nor knowing, and such conduct should not give rise to liability, nor should Plaintiff or putative class members recover treble damages or any other multiplier of actual damages.

## TWENTIETH DEFENSE

Plaintiff failed to join all necessary parties.

## TWENTY-FIRST DEFENSE

Without conceding liability, Plaintiff's requests, and the requests of the putative class that Plaintiff purports to represent, for equitable relief are improper because Plaintiff has an adequate remedy at law and has not pled and cannot establish the risk of immediate harm sufficient to sustain an action seeking an injunction.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred in whole or in part by the actions, omissions, and/or comparative fault and contributory negligence of other third parties.

## TWENTY-THIRD DEFENSE

Defendant is not vicariously liable for the actions of the calling party, if a third-party made the alleged calls.

## TWENTY-FOURTH DEFENSE

Plaintiff consented to receive the alleged calls.

## TWENTY-FIFTH DEFENSE

Plaintiff agreed to an arbitration clause and ought to be compelled to arbitrate.

**WHEREFORE**, having fully answered Plaintiff's Amended Complaint, Defendant Converge Marketing, LLC prays that:

1.      Plaintiff have and recover nothing on his Amended Complaint.

20

2. The costs of this action, including Defendant's attorney's fees be taxed against Plaintiff and/or DeMayo to the extent allowed under applicable law; and

3. This Court order such further relief as it deems just and appropriate.

Dated: May 4, 2026                                      Respectfully submitted,


_//s// S. Frederick Winiker, III_
S. Frederick Winiker, III,
Partner
**FLANNERY GEORGALIS, LLC**
N.C. Bar No. 22390
227 West Trade Street, Suite 950
Charlotte, NC 28202
(704) 420-6873
rwiniker@flannerygeorgalis.com

**ROTTENBERG LIPMAN RICH, P.C.**
Steven Kayman (_pro hac vice pending_)
Jennifer A. Kreder (_pro hac vice pending_)
230 Park Ave., 18th Floor
New York, NY 10169
Tel: (212) 661-3080
skayman@rlrpclaw.com
jkreder@rlrpclaw.com

_Counsel for Defendant Converge Marketing, LLC_