-----------------------------------------------------------

WESLEY NEWMAN, on behalf of itself and
all others similarly situated,

         Plaintiff,

          v.

DEMAYO LAW OFFICES, LLP,
CONVERGE MARKETING, LLC F/K/A
CONVERGE DIRECT, LLC and SGMS INC.
D/B/A LEGAL CONVERSION CENTER,

         Defendants.

-----------------------------------------------------------

X
:
:
:
:
:
:
:
:
:
:
:
:
:
X

**NO. 3:25-CV-00042**

**MOTION TO DISMISS OR, IN THE
ALTERNATIVE,
TRANSFER TO BANKRUPTCY
COURT**

**CLASS ACTION**

Pursuant to Rule 12(b)(1) and (4) of the Federal Rules of Civil Procedure, Defendant

Converge Marketing, LLC ("New Converge") respectfully submits this motion to dismiss the First

Amended Complaint (the "Amended Complaint") (ECF No. 47) of Plaintiff Wesley Newman

("Plaintiff") and the Cross Claims of Defendant DeMayo Law Offices, LLP ("DeMayo") (ECF

No. 60) for lack of subject matter jurisdiction and improper venue.  In the alternative, New

Converge respectfully requests that this Court transfer all claims and counterclaims against it to

the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy

Court") in accordance with 28 U.S.C. §§ 157, 1404 and/or 1406.

New Converge is not f/k/a Converge Direct, LLC as stated in the caption of this case.  As

explained in the attached correspondence between counsel for the parties (the "Correspondence")

and in the underlying bankruptcy filings, New Converge was a newly-organized entity founded to

facilitate a Bankruptcy Court-approved "free and clear" asset purchase from the entity Converge

Direct, LLC ("Old Converge") pursuant to Section 363 of the Bankruptcy Code.  Paragraph GG

of the sale order entered by the Bankruptcy Court (Exhibit 3)[1] states that New Converge is not "a mere continuation of" Old Converge or its estate and "there is no continuity of enterprise between" them. There is absolutely no legal theory pursuant to which New Converge can be liable to Mr. Newman or DeMayo. They have dragged the wrong entity into the wrong court in violation of the Bankruptcy Court's binding Sale Order.

As explained in the Letters of Steven M. Kayman to James P Cooney, III, dated May 29, 2026 and June 15, 2026,[2] the Bankruptcy Court approved a Sale Order, whereby certain assets of Old Converge were sold "free and clear of all Claims, Interests and Encumbrances, other than Permitted Liens or Assumed Liabilities under the Sale Order." Neither Mr. Newmans' nor DeMayo's claims are Permitted Liens or Assumed Liabilities under the Sale Order. Paragraph 16 of the Sale Order further shields New Converge from any such claims or "obligations based, in whole or in part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character …" Nonetheless, Paragraph 81 of Mr. Newman's Amended Complaint states: "New Converge is liable for the actions of Old Converge on a theory of successor liability."

Mr. Newman alleges in the Amended Complaint (incorrectly) that Old Converge contacted him in violation of the Telephone Consumer Protection Act ("TCPA").[3] DeMayo, a sophisticated law firm doing millions of dollars worth of Camp LeJeune business annually and which received individual notice of the bankruptcy, chose not to file a proof of claim in the bankruptcy case. DeMayo has crossclaimed against New Converge for indemnification for any liability it may incur

---

[1] The full title of the Sale Order is "Order (I) Approving Stalking Horse APA and Authorizing the Sale of Certain Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Interests an Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (IV) Granting Related Relief," *In Re Troika Media Grp.*, No. 23-11969-dsj, Dkt. 177 (S.D.N.Y. Feb. 8, 2024).

[2] These letters are annexed as Exhibits 1 and 8 to the accompanying Declaration of Jennifer A. Kreder, dated June 15, 2026 ("Kreder Decl."). All other exhibits referenced in this motion are also annexed to the Kreder Declaration.

[3] That allegation is incorrect.

2

to Mr. Newman.  As is stated on the face of DeMayo's Cross Claims, any potential liability to Mr. Newman arises out of alleged 2022 phone calls made for the benefit of DeMayo by an entity with whom Old Converge had contracted.  Thus, both Mr. Newman's claims and DeMayo's crossclaims against New Converge seeking indemnification arise out of pre-bankruptcy conduct.  DeMayo attempts to pour old wine into a new bottle by claiming that New Converge was powerless not to indemnify DeMayo under an unexecuted agreement that New Converge and DeMayo were still in the process of negotiating.  They never executed it because while on the brink of a low-cost settlement with Mr. Newman, as alleged in Mr. Neman's Amended Complaint, DeMayo posted derogatory comments about him on a Better Business Bureau website.  New Converge simply cannot be held liable for alleged acts of Old Converge predating New Converge's existence.

In any event, even if the allegations and legal theories were in any way tenable, both Mr. Newman and DeMayo are making them in the wrong forum.  The Bankruptcy Court in Paragraph 44 of the Sale Order (emphasis added) retained "***exclusive jurisdiction*** to, among other things, interpret, implement and enforce the terms and provisions of the [Sale Order] and the Stalking Horse APA."[4]  It is axiomatic that a "bankruptcy court is in the "best position to interpret its own orders."  *In re Merry-Go-Round Enters., Inc.*, 400 F.3d 219, 227 (4th Cir. 2005) (quoted case omitted).  Mr. Newman and DeMayo must seek any remedy from Old Converge in the bankruptcy pending in the Bankruptcy Court.[5]

Further, even if the claims and crossclaims could theoretically proceed against New Converge in this Court, Old Converge would be a necessary and indisputable party to resolving

---

[4] The Asset Purchase Agreement ("APA") is attached as Exhibit 4 hereto.
[5] Case No. 23-11969-dsj, *In re: Troika Media Group, Inc., et al.*, United States Bankruptcy Court for the Southern District of New York.

them.[6]  Yet, the bankruptcy stay pursuant to 11 U.S.C. § 362 precludes New Converge from impleading Old Converge in this Court.  Because of the obvious prejudice to New Converge, the Court cannot in equity and good conscience allow the claims and cross claims against New Converge to proceed without Old Converge joined as a party, which is not feasible.  The absence of Old Converge leaves New Converge at a substantial risk of incurring inconsistent obligations as it can only seek to be shielded by the Sale Order in the Bankruptcy Court and cannot implead Old Converge in this Court.  No relief or alternative remedy can be fashioned to protect New Converge.  The claims and crossclaims against New Converge ought to be dismissed.

In the interest of preserving New Converge's assets from further dissipation by being forced to answer in the wrong forum for alleged actions of Old Converge, New Converge respectfully directs the Court to the seven (7) pages of Correspondence authored by New Converge's counsel (Exhibits 1 and 8), which New Converge incorporates herein by reference for its remaining arguments in support of this Motion.  The accompanying exhibits include recent correspondence between counsel on these issues, included attachments.

For all of the above reasons and for the reasons stated in Exhibits 1 and 8, the Court must grant the motion to dismiss or, in the alternative, transfer the claims and crossclaims asserted against New Converge in this case to the Bankruptcy Court.

---

[6] New Converge reserves its rights to make a separate motion to dismiss under Rule 19 and all other grounds asserted in its affirmative defenses.

Respectfully submitted this the 15th day of June, 2026,

*/s/ S. Frederick Winiker, III*
**FLANNERY GEORGALIS, LLC**
S. Frederick Winiker, III
N.C. Bar No. 22390
Partner
227 West Trade Street, Suite 950
Charlotte, NC 28202
(704) 420-6873
swiniker@flannerygeorgalis.com


*/s/ Steven Kayman*
*/s/ Jennifer A. Kreder*
**ROTTENBERG LIPMAN RICH, P.C.**
Steven Kayman (*pro hac vice pending*)
Jennifer A. Kreder (*pro hac vice pending*)
230 Park Ave., 18th Floor
New York, NY 10169
Tel: (212) 661-3080
skayman@rlrpclaw.com
jkreder@rlrpclaw.com

*Counsel for Defendant Converge Marketing, LLC*

5

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing **Motion to Dismiss or, in the alternative, Transfer to Bankruptcy Court** with the Clerk of the Court for the United States District Court, Western District of North Carolina, using the CM/ECF system, which will electronically notify all counsel of record who have consented to accept service by electronic means, including:

<table>
<tr>
<td>

**Ryan P. Duffy**
The Law Office of Ryan P. Duffy PLLC
1213 W. Morehead St.
Suite 500, Unit #450
Charlotte, NC 28208
Email: ryan@ryanpduffy.com

</td>
<td>

**Anthony Paronich**
Paronich Law P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Email: anthony@paronichlaw.com

</td>
</tr>
<tr>
<td>

**James P Cooney, III**
**Emmett James Whelan**
Womble Bond Dickinson (US) LLP
301 South College Street, Suite 3500
Charlotte, NC 28202-4007
Email: jim.cooney@wbd-us.com
Email: emmett.whelan@wbd-us.com

</td>
<td>

**Robert Travis Campbell**
Womble Bond Dickinson (US) LLP
50 California Street
Suite 2750
San Francisco, CA 94111
Email: travis.campbell@wbd-us.com

</td>
</tr>
<tr>
<td>

**Christopher G. Smith**
**John Everett Harris**
Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, LLP
150 Fayetteville Street, Suite 2300
Raleigh, NC 27601
Email: csmith@smithlaw.com
Email: jharris@smithlaw.com

</td>
<td>

**Mark A. Silver**
**Bety Javidzad**
Dentons US LLP
303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Email: mark.silver@dentons.com
Email: bety.javidzad@dentons.com

</td>
</tr>
</table>

This the 15th day of June, 2026.

*/s/ S. Frederick Winiker, III*
S. Frederick Winiker, III,
Partner
**FLANNERY GEORGALIS, LLC**
N.C. Bar No. 22390
227 West Trade Street, Suite 950
Charlotte, NC 28202
(704) 420-6873
rwiniker@flannerygeorgalis.com

6