# Rottenberg Lipman Rich, P.C.

new jersey office
park 80 west, Plaza One
250 Pehle Avenue, Suite 101
saddle brook, new jersey 07663
telephone (201) 490-2022
telecopier (201) 490-2040

The Helmsley Building
230 Park Avenue
eighteenth floor
new york, new york 10169
telephone (212) 661-3080
telecopier (212) 867-1914

www.rlrpclaw.com

Steven M. Kayman
Member
skayman@rlrpclaw.com

May 29, 2026

**Via EMAIL:  Jim.Cooney@wbd-us.com, Anthony@paronichlaw.com &
ryan@ryanduffy.com**

James P. Cooney III, Esq.
Womble Bond Dickinson (US) LLP
301 South College Street, Suite 3500
Charlotte, NC 28202

Anthony I. Paronich, Esq.
Paronich law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Ryan Duffy, Esq.
The Law Office of Ryan P. Duffy, PLLC
1213 W. Morehead Street
Suite 500, Unit #450
Charlotte, NC 28208

> Re: Claims and Crossclaims against Converge
> <u>Newman v. DeMayo Law Offices, LLP, *et al.*</u>

Dear Jim, Anthony and Ryan:

As you know, we represent Converge Marketing, LLC ("New Converge") in the above-captioned case.  Mr. Newman has asserted claims against New Converge and DeMayo Law Offices, LLP ("DeMayo") under the Telephone Consumer Protection Act (the "TCPA").  DeMayo has asserted crossclaims against New Converge seeking indemnification for any liability plus interests, costs and any applicable attorneys' fees appropriate (the "Crossclaims").

On May 13, 2025, Marie Scheibert of Data Points Law, LLC, on behalf of New Converge, sent the attached letter to Jim as counsel for DeMayo, which letter was later shared in the course of discovery with Anthony and Ryan as counsel for Mr. Newman (the "Data Points Letter").  The Data Points Letter explained that New Converge is not liable for liabilities of Converge Direct,

Case 3:25-cv-00042-KDB-DCK     Document 61-2     Filed 06/15/26     Page 1 of 5

ROTTENBERG LIPMAN RICH, P.C.

Mr. James P. Cooney III, Esq.
Mr. Anthony I. Paronich, Esq.
Mr. Ryan Duffy, Esq.
May 29, 2026
Page 2

LLC ("Old Converge") through any type of successor liability theory, contractual theory or other theory because Old Converge's assets were sold to New Converge through a "free and clear" sale that was approved by an order ("Sale Order")[1] of the Bankruptcy Court overseeing Old Converge's bankruptcy case. The Sale Order is a final non-appealable order which provides that, except for certain limited exceptions not relevant here, New Converge is not liable for Old Converge's debts, which is precisely what this lawsuit seeks to assert.

Specifically and among other provisions in the Sale Order, Paragraph BB specifically precludes any successor liability claims against New Converge in what has been referred to as "free and clear" provisions. It states that the assets New Converge purchased were transferred "free and clear of all Claims, Interests and Encumbrances, other than Permitted Liens and Assumed Liabilities …" Neither the Claims nor the Crossclaims are Permitted Liens or Assumed Liabilities under the Sale Order. Paragraph GG states that New Converge is not "a mere continuation of" Old Converge or its estate and "there is no continuity of enterprise between" them. Paragraph 15 of the Sale Order states that New Converge shall not be, nor be deemed to be, a successor to Old Converge. Paragraph 16 (emphasis added) further provides in relevant part as follows:

> Without limiting the generality of the foregoing, and except as otherwise provided in the Stalking Horse APA or this Order, neither the Purchaser (nor any of its affiliates, successors or assigns) shall have any responsibility for (i) any liability or other obligation of the Debtors related to the Transferred Assets… By virtue of the Purchaser's purchase of the Transferred Assets, **neither the Purchaser nor any of its affiliates shall have any liability whatsoever** with respect to the Debtors' (or their predecessors' or affiliates') respective businesses or operations or any of the Debtors' (or their predecessors or affiliates') ***obligations based, in whole or in part, directly or indirectly, on any theory of successor or vicarious liability of any kind or character***, or any theory based on acting in concert or active participation of the Debtors, or based upon any theory of … **consumer protection law**, **whether known or unknown as of the Closing Date, now existing or hereafter arising, asserted or unasserted** …

*See also* Asset Purchase Agreement, Dkt. 177-1, at Section 2.4(i) and (k) (attached).

In short, any claims that Mr. Newman or DeMayo may have had against Old Converge based in whole or in part, directly or indirectly upon conduct of Old Converge allegedly violating

---

[1] The full title of the Sale Order is "Order (I) Approving Stalking Horse APA and Authorizing the Sale of Certain Assets of the Debtors Outside the Ordinary Course of Business, (II) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Interests an Encumbrances, (III) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (IV) Granting Related Relief," *In Re Troika Media Grp.*, No. 23-11969-dsj, Dkt. 177 (S.D.N.Y. Feb. 8, 2024). A copy of the Sale Order is attached to this letter.

ROTTENBERG LIPMAN RICH, P.C.

Mr. James P. Cooney III, Esq.
Mr. Anthony I. Paronich, Esq.
Mr. Ryan Duffy, Esq.
May 29, 2026
Page 3

the TCPA were not assumed by New Converge, regardless of whether such claims were known or unknown at the time of the bankruptcy. Paragraph 81 of Mr. Newman's Amended Complaint states: "New Converge is liable for the actions of Old Converge on a theory of successor liability." As stated above, the Sale Order specifically provides that New Converge shall not be liable on any theory of successor liability or "consumer protection law." Mr. Newman's claims against New Converge are indisputably barred by the Sale Order and, therefore, frivolous. DeMayo's Counterclaims seeking to hold New Converge vicariously liable via indemnification are likewise barred and frivolous as such claims also arose prior to the bankruptcy and are barred by the Sale Order. The fact that there is overlap in employees from Old Converge and New Converge, as alleged in the Counterclaims, is an immaterial, common scenario in bankruptcy sales. *See, e.g.,* Paragraph 15 (deeming New Converge a new employer). Paragraph 6 of the Sale Order states that "all person and entities, including, without limitation … customers, litigation claimants … and any other creditors … are hereby prohibited, forever barred, estopped, and permanently enjoined from asserting or pursuing such Claims" against New Converge, including "commencing or continuing in any manner any action, whether at law or in equity, in any judicial … proceeding…" Mr. Newman and DeMayo are violating the Sale Order by pursuing litigation against New Converge.

Attempting to avoid the plain consequences of the Sale Order, DeMayo attempts to characterize its Crossclaims as arising out of conduct attributable to New Converge post-bankruptcy. It is common, however, for entities purchasing assets out of bankruptcy in an attempt to earn back customer loyalty to enter into voluntary business arrangements to attempt to remedy pre-bankruptcy customer complaints. In doing so, however, the purchasing entity does not incur any legal obligation based on the pre-bankruptcy conduct. Attempting to cast the new entity's business decision to cancel any voluntarily undertaken business arrangement as anything other than an attempt to impose liability for the underlying, pre-bankruptcy conduct fails as a matter of law. *See, e.g., In re Motors Liquidation Co. v. Castillo*, Bank. No. 09-50026, Adv. No. 09-00509, 2012 WL 1339496 (April 17, 2012) (attached).

Accordingly, DeMayo's attempts to hold New Converge responsible for not indemnifying it for potential liability stemming out of alleged TCPA violations of LCC and/or Old Converge is untenable and frivolous. DeMayo had its chance to attempt to recover from Old Converge by filing a proof of claim in the Old Converge bankruptcy case as DeMayo received actual notice of the deadline to file a proof of claim. The fact that DeMayo, a law firm doing millions of dollars of business each year, opted not to pursue a remedy in the bankruptcy or employ its own counsel in negotiating with New Converge or Mr. Newman were its own informed choices.

Paragraph 66 of Mr. Newman's First Amended Complaint states that he is not bound by the Sale Order because he did not receive individualized notice of the Old Converge bankruptcy and was not identified as a known creditor of Old Converge in the bankruptcy. Even assuming that Old Converge should have listed Mr. Newman as a creditor and provided him with

ROTTENBERG LIPMAN RICH, P.C.

Mr. James P. Cooney III, Esq.
Mr. Anthony I. Paronich, Esq.
Mr. Ryan Duffy, Esq.
May 29, 2026
Page 4

individualized notice, an argument with which we do not agree for a one-off claimant like Mr. Newman who likely was not listed on Old Converge's books and records,[2] his sole remedy for such an oversight lies in the jurisdiction of the Bankruptcy Court and against Old Converge.

Moreover, to the extent that there may be other unknown individuals who may have received calls that are attributable to Old Converge, such "unknown" individuals' ability to assert a claim against New Converge is barred by the Sale Order. This fact will defeat Mr. Newman's request to certify a class, as the proposed class would have differing experiences with Old Converge, defeating the "commonality" requirement for a class to be certified. In addition, no class could be certified because, to New Converge's knowledge, there are no other claimants that are similarly-situated to Mr. Newman. A bankruptcy "free and clear" sale order would be a nullity for a purchaser of post-bankruptcy assets if unknown plaintiffs could pursue statutory damages so readily. Thus, even if it were allowed to proceed, Mr. Newman's purported class action complaint would not get through the class certification stage, making Mr. Newman the only potential surviving claimant. As such Mr. Newman's lawsuit is unworthy of settlement for more than the nuisance value that was originally on the table before DeMayo caused those settlement discussions to fail.

Pursuant to Paragraph 44 of the Sale Order, the Bankruptcy Court retained "exclusive jurisdiction to, among other things, interpret, implement and enforce the terms and provisions of [the Sale Order] and the Stalking Horse APA." Thus, any dispute regarding the interpretation and/or enforcement of the Sale Order must be addressed by the Bankruptcy Court in the first instance.

We now ask, based on the foregoing detailed explanation, that Mr. Newman and DeMayo advise us by **Friday, June 5, 2026**. whether they will withdraw the Claims and Counterclaims against New Converge. New Converge reserves all of its rights and remedies in this matter,

---

[2] *See, e.g.*, *In re Motors Liquidation Co.*, 585 B.R. 708, 728 (Bankr. S.D.N.Y. 2018) ("It is well-settled that to be a 'known' creditor, a claimant must be known or reasonably ascertainable from the debtor's own books and records[.]"); *In re Celsius Network LLC*, 669 B.R. 283, 295 (Bankr. S.D.N.Y. 2025) ("At the time Celsius filed for bankruptcy, it was only required to conduct a search of its books and records that was 'reasonable under the circumstances' to reasonably ascertain known creditors; it was not required to be 'omnipotent or clairvoyant.'" (citations omitted)); *In re Chemtura Corp.*, No. 09-11233 (JLG), 2016 WL 11651714, at *12 (Bankr. S.D.N.Y. Nov. 23, 2016) (holding that a " 'known' creditor is one whose identity is either known or 'reasonably ascertainable by the debtor ... a creditor's identity is 'reasonably ascertainable' if that creditor can be identified through 'reasonably diligent efforts ... Reasonably diligent efforts does not require impracticable and extended searches ... [a] debtor need only focus the search on its own books and records") (internal citations and quotations omitted).

ROTTENBERG LIPMAN RICH, P.C.

Mr. James P. Cooney III, Esq.
Mr. Anthony I. Paronich, Esq.
Mr. Ryan Duffy, Esq.
May 29, 2026
Page 5

including the right to seek sanctions against Mr. Newman and/or DeMayo based on a knowing violation of the Sale Order.

Very truly yours,

Steven M. Kayman

(attachments)

cc:  Jennifer A. Kreder, Esq.
     S. Frederick Winiker, III, Esq.