womblebonddickinson.com



Womble Bond Dickinson (US) LLP

One Wells Fargo Center
Suite 3500, 301 South College Street
Charlotte, NC 28202-6037

t:   704.331.4900
f:   704.331.4955

**June 6, 2026**

Steven M. Kayman
Rottenberg Lipman Rich, P.C.
The Helmsley Building
230 Park Avenue, 18th Floor
New York, NY 10169

**Via E-Mail** - skayman@rlrpclaw.com

James P. Cooney III
Attorney
Direct Dial: 704-331-4980
Direct Fax: 704-338-7838
E-mail: Jim.Cooney@wbd-us.com

**Re:** *Newman v. DeMayo Law Offices, LLP et al.*
       **Case No. 3:25-cv-00042-KDB-SCR (WDNC)**

Dear Mr. Kayman:

I am in receipt of your Letter of Friday, May 29, 2026.[1]  This is to respond to those portions of the Letter which, incorrectly, accuse my client of attempting to evade the Sale Order for Old Converge.

New Converge, on whose behalf you write, consistently mischaracterizes the claim made by DeMayo Law.  DeMayo Law does not dispute that the Sale Order bars any claim against New Converge arising out of an obligation owed by Old Converge to DeMayo Law.  Instead, DeMayo Law does allege that New Converge, by its actions after the Sale Order, entered into a new agreement with DeMayo Law under which it agreed to indemnify DeMayo Law on Mr. Newman's claims.  New Converge had no obligation to enter into such a new contract, but chose to do so (as you concede) for business reasons in an effort to establish a commercial relationship with DeMayo Law.  This motive is sufficient consideration when combined with New Converge's statements and actions, and DeMayo Law's reliance on these statements and actions.

To be clear, the central issue in DeMayo Law's claim against New Converge is whether New Converge entered into an agreement with DeMayo Law after the Sale Order.  This is a question of North Carolina law.  If, as DeMayo Law alleges, New Converge entered into an agreement with DeMayo Law, it is liable under that agreement.  DeMayo Law does not contend, and has not made any allegation, that New Converge is liable to it because of its prior agreement with Old Converge.

You assert that DeMayo Law is attempting to characterize its claim as a post-bankruptcy claim to "avoid" the Sales Order.  To the contrary, New Converge is attempting to use the Sales Order to excuse a contract which it entered into with DeMayo Law post-bankruptcy.  New Converge apparently believes that if it deals with the prior customers of Old Converge and enters into a new agreement, it

---

[1] I note that your Letter demands a response by "**Friday, June 5, 2026**." (emphasis in original).  This response is made on Friday, June 6, 2026, as a professional courtesy.

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

WBD (US) 4937-4193-5539v1



may at its choosing use the Sale Order to excuse the agreement. The Sale Order is not intended as a "Get Out of Jail Free" card to allow New Converge to breach new contracts that it creates post-petition simply because these new agreements are with Old Converge's former clients.

We have also reviewed the single case which you cited in your letter, *In re Motors Liquidation Co. v. Castillo Bank*, an unpublished bankruptcy court decision that has apparently never been cited by any other court other than in the *In re Motors Liquidation* proceedings. Respectfully, this case does not stand for the legal principle which you claim. Rather, it dealt with the quantum of evidence and extrinsic evidence that could be considered in determining the scope of a discharge order to interpret the parties' intent. There was no claim that a new contract existed let alone that seeking to hold an entity liable on a new contract based on post-bankruptcy conduct would "fail[ ] as a matter of law." Significantly, in a later decision in the same litigation, the District Court clearly held that New GM could be held liable for claims arising from its own post-Sale violations of independent legal duties, noting that the Bankruptcy Court would have no authority to enjoin claims against the New Entity based on its post-Sale conduct. 590 B.R. 39. In short, nothing about a Sale order absolves the new entity of the consequences of its own independent conduct.

DeMayo Law also directs your attention to *Carter Enterprises, Inc. v. Ashland Specialty Co., Inc.,* 257 B.R. 797 (2001), a case from the District Court of the Southern District of West Virginia (and thus within the Fourth Circuit). *Carter Enterprises* recognizes that a successor entity may assume an otherwise discharged obligation out of bankruptcy. While DeMayo Law contends that New Converge entered into a new agreement which simply incorporated the terms of the prior agreement, *Carter Enterprises* indicates quite clearly that your assertion that DeMayo Law's claim of an agreement based on post-petition conduct must "fail" as a matter of law is, in fact, wrong.

For purposes of this case, we suggest that New Converge carefully review not only its conduct which led to the formation of the new agreement, but its conduct in breaching that agreement nearly one year later, and then in repeatedly threatening sanctions should DeMayo Law seek to enforce the agreement. We believe that a trier of fact will enforce the new agreement to the fullest extent.

Very truly yours,

**Womble Bond Dickinson (US) LLP**

*James P. Cooney III*

James P. Cooney III
Attorney

cc:     Via E-Mail:
        Jennifer A. Kreder, Esq. - jkreder@rlrpclaw.com
        S. Frederick Winiker, III, Esq. - rwiniker@flannerygeorgalis.com
        Anthoy Paronich, Esq. - anthony@paronichlaw.com
        Ryan Duffy, Esq. - ryan@ryanpduffy.com

WBD (US) 4937-4193-5539v1