## Rottenberg Lipman Rich, P.C.

The Helmsley Building
230 Park Avenue
eighteenth floor
new york, new york 10169
telephone (212) 661-3080
telecopier (212) 867-1914

new jersey office
park 80 west, Plaza One
250 Pehle Avenue, Suite 101
saddle brook, new jersey 07663
telephone (201) 490-2022
telecopier (201) 490-2040

www.rlrpclaw.com

Steven M. Kayman
Member
skayman@rlrpclaw.com

June 15, 2026

**Via EMAIL:  Jim.Cooney@wbd-us.com**

James P. Cooney III, Esq.
Womble Bond Dickinson (US) LLP
301 South College Street, Suite 3500
Charlotte, NC 28202

> Re: Claims and Crossclaims against Converge
> *Newman v. DeMayo Law Offices, LLP, et al.*, 25-00042

Dear Jim:

We write on behalf of Converge Marketing, LLC ("New Converge") in response to your letter dated June 6, 2026.[1]

The manner in which you describe New Converge's post-bankruptcy negotiations, in which it engaged in the hopes of mending the business relationship with DeMayo, is overly simplistic and ignores the bankruptcy rules.  "The reaffirmation rules protect debtors from compromising their fresh start by making unwise agreements to repay dischargeable debts." *E.g., In Re Martin*, 761 F.2d 1163, 1168 (6th Circ. 1985).  The bottom line is that New Converge cannot enter into a settlement for more than the nuisance value of the suit because "[d]oing so would amount to an impermissible reaffirmation of debt."  *See, e.g., In re Gray*, 573 B.R. 868, 872 (D. Kan. 2017) (Section 524 of the Bankruptcy Code "provides the sole authority under which a discharged debt may be reaffirmed and collected") (footnote omitted).[2]  Both DeMayo and Mr. Newman are suing the wrong entity in the wrong court.  New Converge ought not have to continue to incur the costs of defending itself in the wrong forum.

---

[1] All capitalized terms have the same meaning assigned to them in our letter to you, Mr. Paronich and Mr. Duffy dated May 29, 2026.

[2] Your letter mistakenly states that we cited only one case in our letter of May 29, 2026.  Please see footnote 2 thereof.  *See also, e.g., J.A. Jones, Inc.*, 492 F.3d 242 (4th Cir. 2007) ("there are few if any cases holding a party to be a known creditor when the creditor had no pre-existing relationship with the debtor through contract, correspondence, or course of dealing.").

Rottenberg Lipman Rich, P.C.

Moreover, even if New Converge and DeMayo had executed the draft Confidential Agreement attached as Exhibit 4 to the Crossclaims, which they did not, New Converge's obligations were limited in scope[3] and it satisfied them as a matter of law. Paragraph 2 states that any obligation would be in place only "so long as DeMayo and LCC's interests remain aligned." Their interests obviously diverged when DeMayo undermined a low-cost settlement with Mr. Newman by posting negative comments about him on the Better Business Bureau website, as stated in Mr. Newman's Amended Complaint. Further, Paragraph 7 (emphasis added) provides in relevant part: *"Converge exclusively retains the right to decide, in its sole and absolute discretion, if and when its interests may diverge from those of DeMayo and/or LCC…"* Paragraph 4 (emphasis added) further states that "Converge shall have no indemnification or other obligations under this Agreement with respect to … (e) damages, liabilities, losses, settlements, judgments, costs and expenses (including but not limited to reasonable attorneys' fees and costs) incurred *solely as a result of DeMayo's … conduct*." Even had the agreement been in place, New Converge was fully within its rights to terminate the agreement when DeMayo destroyed the prospects of an affordable settlement.

I am also attaching the email correspondence between Old Converge's and DeMayo's counsel, including you, negotiating the Confidential Agreement (attached thereto). Whitney Smith at Kelley Drye repeatedly states therein that New Converge reserves all of its rights as to its obligation to indemnify DeMayo and that the draft Confidential Agreement is a "proposed agreement." The unsigned draft Confidential Agreement does not support DeMayo's claims for declaratory judgment, breach of express oral contract/contract implied-in-fact and estoppel/waiver. Claiming that it does is frivolous.

New Converge continues to reserve all of its rights and remedies in this matter, including the right to seek sanctions against DeMayo based on a knowing violation of the Sale Order.

Very truly yours,

Steven M. Kayman

Attachment

cc:    Anthony I. Paronich, Esq.
      Ryan Duffy, Esq.
      S. Frederick Winiker, III, Esq.
      Jennifer A. Kreder, Esq.

---

[3] Paragraph 1 states that New Converge's obligations would end after "the initial pleading stage" of an anticipated individual claim by Mr. Newman except to the extent that it "agree[d] to discuss" further costs of litigation or settlement under Paragraph 3.

| From: | Smith, Whitney M. |
| To: | Javidzad, Bety; Silver, Mark A.; Cooney III, James P.; Whelan, Emmett |
| Cc: | Mazzuchetti, Lauri A.; Berman, Greg; Marie Scheibert; Ervin, Melanie |
| Subject: | RE: Newman v. DeMayo TCPA Action |
| Date: | Wednesday, April 2, 2025 12:47:40 PM |
| Attachments: | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| | ConvergeDirect TCPA Engagement Letter 4.1.docx |
| | Newman--Indemnification Agreement.docx |

All,

Please see attached (i) a proposed agreement on indemnification issues, and (ii) an engagement letter consistent with the proposed agreement.  Please let us know your thoughts.  In the interim, Converge continues to reserve all rights.

Thanks,

Whitney

**From:** Smith, Whitney M.
**Sent:** Thursday, March 27, 2025 7:07 PM
**To:** 'Javidzad, Bety' <bety.javidzad@dentons.com>; Silver, Mark A. <mark.silver@dentons.com>; Cooney III, James P. <Jim.Cooney@wbd-us.com>; Whelan, Emmett <Emmett.Whelan@wbd-us.com>
**Cc:** Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Berman, Greg <GBerman@KelleyDrye.com>; Marie Scheibert <marie@datapointslaw.com>; Ervin, Melanie <Melanie.Ervin@wbd-us.com>
**Subject:** RE: Newman v. DeMayo TCPA Action

Bety,

We plan to send something for review next week.  Some folks on our end have been out of the office with spring break season upon us.

Thanks,

Whitney

**From:** Javidzad, Bety <bety.javidzad@dentons.com>
**Sent:** Thursday, March 27, 2025 7:05 PM
**To:** Silver, Mark A. <mark.silver@dentons.com>; Smith, Whitney M. <WSmith@KelleyDrye.com>; Cooney III, James P. <Jim.Cooney@wbd-us.com>; Whelan, Emmett <Emmett.Whelan@wbd-us.com>
**Cc:** Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Berman, Greg <GBerman@KelleyDrye.com>; Marie Scheibert <marie@datapointslaw.com>; Ervin, Melanie <Melanie.Ervin@wbd-us.com>
**Subject:** RE: Newman v. DeMayo TCPA Action

**CAUTION: This message originated outside of Kelley Drye and was sent by:**
**bety.javidzad@dentons.com**

Counsel, where are we with the indemnification proposal?

**Bety Javidzad**
Partner

☐ +1 213 243 6115  |  ☐ +1 310 985 5609
Los Angeles

**From:** Javidzad, Bety
**Sent:** Thursday, March 20, 2025 8:00 AM
**To:** Silver, Mark A. <mark.silver@dentons.com>; Smith, Whitney M. <WSmith@KelleyDrye.com>; Cooney III, James P. <Jim.Cooney@wbd-us.com>; Whelan, Emmett <Emmett.Whelan@wbd-us.com>
**Cc:** Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Berman, Greg <GBerman@KelleyDrye.com>; Marie Scheibert <marie@datapointslaw.com>; Ervin, Melanie <Melanie.Ervin@wbd-us.com>
**Subject:** RE: Newman v. DeMayo TCPA Action

Thank you. These cover my comments/changes as well. Please let us know if you need anything else from us. I know we are still waiting on the indemnification agreement/proposal, but we are hopeful we will get that after this motion is squared away.

**Bety Javidzad**
Partner

☐ +1 213 243 6115  |  ☐ +1 310 985 5609
Los Angeles

**From:** Silver, Mark A. <mark.silver@dentons.com>
**Sent:** Thursday, March 20, 2025 7:28 AM
**To:** Smith, Whitney M. <WSmith@KelleyDrye.com>; Cooney III, James P. <Jim.Cooney@wbd-us.com>; Javidzad, Bety <bety.javidzad@dentons.com>; Whelan, Emmett <Emmett.Whelan@wbd-us.com>
**Cc:** Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Berman, Greg <GBerman@KelleyDrye.com>; Marie Scheibert <marie@datapointslaw.com>; Ervin, Melanie <Melanie.Ervin@wbd-us.com>
**Subject:** RE: Newman v. DeMayo TCPA Action

Whitney, attached are some relatively minor edits. Bety may have some additional ones but I wanted to send to you quickly given the deadline. My only substantive comment/question is whether you feel the need to address the Hobbs Act more in here. I know that the magistrate judge's opinion did not address the Hobbs Act except for one cursory line to a concurrence, but that could be one of the big attacks on that opinion. Further, I have been worried that not raising it initially could result in a waiver (similar to what is implied below).

Cacho v. McCarthy & Kelly LLP, 739 F. Supp. 3d 195, 208 (S.D.N.Y. 2024)
Because the Court concludes that Plaintiff's allegations satisfy both the plain text of the TCPA and the FCC's implementing regulations, the Court need not address the difficult—and entirely unbriefed—question of whether the Hobbs Act constrains the Court's review of the FCC's determination that cellphones qualify for TCPA protection. See Tsolumba v. SelectQuote Ins. Servs., 2023 WL 6146644, at *5 n.3 (N.D. Ohio Sept. 20, 2023); Tessu v. AdaptHealth, LLC, 2023 WL 5337121, at *5 (D. Md. Aug. 17, 2023); see also PDR Network, LLC v. Carlton & Harris Chiropractic, Inc., 588 U.S. 1, 139 S.Ct. 2051, 204 L.Ed.2d 433 (2019).

Mark A. Silver
Partner

+1 404 527 4671
Assistant: Pam Matthews +1 404 527 4592
Atlanta

**From:** Smith, Whitney M. <WSmith@KelleyDrye.com>
**Sent:** Thursday, March 20, 2025 10:05 AM
**To:** Cooney III, James P. <Jim.Cooney@wbd-us.com>; Javidzad, Bety <bety.javidzad@dentons.com>; Silver, Mark A. <mark.silver@dentons.com>; Whelan, Emmett <Emmett.Whelan@wbd-us.com>
**Cc:** Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Berman, Greg <GBerman@KelleyDrye.com>; Marie Scheibert <marie@datapointslaw.com>; Ervin, Melanie <Melanie.Ervin@wbd-us.com>
**Subject:** RE: Newman v. DeMayo TCPA Action

**[WARNING: EXTERNAL SENDER]**

Thanks, Jim. We will move that point to the body of the brief.

**From:** Cooney III, James P. <Jim.Cooney@wbd-us.com>
**Sent:** Thursday, March 20, 2025 9:49 AM
**To:** Smith, Whitney M. <WSmith@KelleyDrye.com>; Javidzad, Bety <bety.javidzad@dentons.com>; Silver, Mark A. <mark.silver@dentons.com>; Whelan, Emmett <Emmett.Whelan@wbd-us.com>
**Cc:** Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Berman, Greg <GBerman@KelleyDrye.com>; Marie Scheibert <marie@datapointslaw.com>; Ervin, Melanie

<Melanie.Ervin@wbd-us.com>
**Subject:** RE: Newman v. DeMayo TCPA Action

**CAUTION: This message originated outside of Kelley Drye and was sent by: jim.cooney@wbd-us.com**

Thanks.

DeMayo Law similarly reserves its rights as to Converge and LCC.

I am attaching the executed corporate disclosure statement and an executed certificate of compliance.  Let me know if you want me to send a copy of the certificate of compliance to Plaintiffs' counsel.

I am fine with the Motion.  I suggest that the footnote be moved to the text to explain why a Motion to Dismiss 2 of the 3 counts still tolls the answer.  The word count will be the same and I think that this is a point to make at the outset.

You have my permission to apply my signature to your PHV motions and to the Memorandum and any accompanying Motion to Dismiss.

I assume that you will want me to file this; if so, please send the final documents my way for filing.

Jim Cooney

**James P. Cooney III**
Partner
Womble Bond Dickinson (US) LLP

**d:** 704-331-4980                                      301 S. College Street, Suite 3500
**m:** 704-339-9148                                     Charlotte, NC 28202-6050
**e:** Jim.Cooney@wbd-us.com



**wombledickinson.com**



This email is sent for and on behalf of Womble Bond Dickinson (US) LLP. Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/us/legal-notice for further details.

**From:** Smith, Whitney M. <WSmith@KelleyDrye.com>
**Sent:** Wednesday, March 19, 2025 12:55 PM
**To:** Javidzad, Bety <bety.javidzad@dentons.com>; Silver, Mark A. <mark.silver@dentons.com>; Cooney III, James P. <Jim.Cooney@wbd-us.com>; Whelan, Emmett <Emmett.Whelan@wbd-us.com>
**Cc:** Mazzuchetti, Lauri A. <LMazzuchetti@KelleyDrye.com>; Berman, Greg <GBerman@KelleyDrye.com>; Marie Scheibert <marie@datapointslaw.com>
**Subject:** Newman v. DeMayo TCPA Action

All,

As we have indicated, Converge continues to reserve its rights with respect to any indemnification obligations.  Subject to that reservation of rights, however, Kelley Drye has prepared a draft motion to dismiss the Do Not Call claims, which is attached here for your review.  We have also prepared draft pro hac applications for Kelley Drye to appear on behalf of DeMayo and LCC, along with a certificate of settlement conference that we need to file with the motion tomorrow.  This certificate needs to be signed by a representative of each party (not just counsel) per Judge Bell's standing order (attached here for reference).

We would also like to submit corporate disclosure statements and have attached the forms here if you are able to provide the relevant information.

Please let us know your thoughts—we are happy to discuss.

Thanks,

Whitney

**WHITNEY SMITH**
Partner

**Kelley Drye & Warren LLP**
One Jefferson Road
Parsippany, NJ 07054
Tel: (973) 503-5923
Cell: (973) 919-0635

wsmith@kelleydrye.com

This message is subject to Kelley Drye & Warren LLP's email communication policy.
KDW-Disclaimer

## <u>CONFIDENTIAL AGREEMENT</u>

DeMayo Law Offices, LLP ("DeMayo"), SGMS Inc., d/b/a Legal Conversion Center ("LCC") and Converge Direct, LLC ("Converge" and collectively with DeMayo and LCC, the "Parties") hereby enter into this Confidential Agreement, as set forth below (the "Agreement").

**WHEREAS,** DeMayo and Converge entered into that certain Master Services Agreement dated February 1, 2022,[1] under which Converge would provide certain services to DeMayo (the "DeMayo-Converge MSA");

**WHEREAS,** DeMayo and LCC entered into that certain Master Services Agreement dated June 22, 2022, under which LCC would provide certain services to DeMayo (the "DeMayo-LCC MSA");

**WHEREAS,** DeMayo and LCC have been named as defendants in a putative class action asserting claims under the Telephone Consumer Protection Act ("TCPA") captioned *Newman v. DeMayo Law Offices, LLP and SGMS Inc., d/b/a Legal Conversion Center*, Case 3:25-cv-00042, filed in the United States District Court for the Western District of North Carolina (the "Action");

**WHEREAS,** DeMayo and LCC represent that telephone calls at issue in the Action were exclusively based upon a lead or leads that DeMayo purchased from Converge;

**WHEREAS,** DeMayo has asserted that Converge owes DeMayo indemnification pursuant to the DeMayo-Converge MSA;

**WHEREAS,** LCC has asserted that DeMayo owes it indemnification pursuant to the DeMayo-LCC MSA;

---

[1] The Master Services Agreement was entered into between DeMayo and Lacuna Ventures, LLC ("Lacuna"). Lacuna is now doing business as Converge and Converge has stepped into Lacuna's rights and obligations.

**WHEREAS,** the Parties dispute whether they owe one another any indemnification or other legal obligation with regard to the Action, but have agreed to work cooperatively together;

**WHEREAS,** Converge has retained Kelley Drye & Warren LLP ("KDW") to jointly represent it, DeMayo, and LCC, under the terms set forth in this Agreement;

**WHEREAS,** the Parties have agreed to reserve all rights with respect to the claims for indemnification, subject to the terms of this Agreement;

**IT IS HEREBY AGREED THAT,** in exchange for the terms and conditions set forth below and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as set forth below:

1. Except as provided in Paragraph 4 of this Agreement below, Converge shall, through the initial pleading stage of the Action ("Pleading Stage") indemnify, defend and hold DeMayo harmless from and against all attorneys' fees, costs and expenses incurred by KDW in defending the Action as a result of leads sold by Converge to DeMayo, which include, without limitation, the lead identified by Reference No. 10644344 (each an "Indemnified Lead").

2. DeMayo shall, through the Pleading Stage indemnify, defend and hold LCC harmless from and against all attorneys' fees, costs and expenses incurred by KDW in defending the Action. So long as DeMayo and LCC's interests remain aligned, DeMayo shall be entitled to rely upon Converge's indemnification of DeMayo to fulfill its indemnification obligations to LCC.

3. Following the Pleading Stage, the Parties agree to discuss a reasonable allocation of defense costs for the remainder of the Action, to the extent that is necessary. The Parties also agree to discuss a reasonable allocation of payment obligations for any settlement or judgment.

4. Converge shall have no indemnification or other obligations under this Agreement with respect to (and the defined term "Indemnified Lead" shall not include): (a) calls placed by DeMayo prior to September 26, 2022; (b) leads received by DeMayo from a source or sources other than Converge that are not also received from Converge; (c) calls placed that were tagged by or on behalf of DeMayo as being sourced to leads received from entities other than Converge, regardless of whether such lead was also received from Converge; (d) calls placed after the called party requested to be placed on the caller's internal do-not-call list or otherwise requested that they not receive future calls; and/or (e) damages, liabilities, losses, settlements, judgments, costs and expenses (including but not limited to reasonable attorneys' fees and costs) incurred solely as a result of DeMayo's, LCC's, or another third party's conduct, including DeMayo's, LCC's, or any third party's, alleged or actual failure to comply with the TCPA or other laws.

5. DeMayo and LCC agree that Converge will control the defense and settlement of claims involving an Indemnified Lead through the Pleading Stage, so long as the Action involves only an Indemnified Lead.

6. The Parties agree to provide reasonable cooperation to each other in connection with the defense or settlement of the Action.

7. With respect to the applicability or scope of indemnification for DeMayo and/or LCC, Converge reserves all rights and remedies available to it under the DeMayo-Converge MSA and any other applicable agreements, at law, and in equity. Converge's assumption of the defense through the Pleading Stage shall not impair or prejudice any of its rights or remedies, and no action or inaction by Converge shall be construed as a waiver of any such rights or remedies. Converge exclusively retains the right to decide, in its sole and absolute discretion, if and when its interests

may diverge from those of DeMayo and/or LCC, in which event Converge will promptly notify DeMayo and LCC of any such decision in writing. In furtherance and not in limitation of the foregoing, Converge enters into this Agreement based on the shared understanding that each of Converge, DeMayo, and LCC will confer in good faith to determine an equitable allocation of all fees and costs payable under this Agreement and any losses, damages, or liabilities of any nature arising out of or related to the Action, including without limitation payment of any settlement or judgment, other than those fees, costs and expenses incurred in connection with the Pleading Stage. Converge's decision to assume the defense through the Pleading Stage in the Action does not constitute an admission that Converge is responsible for any payment of a settlement or judgment, in whole or in part, and it may request contribution to the costs of defense at any time following the Pleading Stage. By signing this Agreement, DeMayo and LCC each expressly acknowledge and agree to the terms and conditions in this paragraph.

8. Notwithstanding Converge's assumption of the defense through the Pleading Stage, DeMayo and LCC each reserve the right to retain separate and outside counsel to represent their interests in any litigation concerning an Indemnified Lead. Any counsel retained by either DeMayo or LCC shall be at their own expense. Converge shall not be responsible for any attorneys' fees, expenses, and costs incurred by DeMayo's and LCC's retained counsel, except for costs explicitly agreed upon in writing by KDW and DeMayo's Counsel and/or LCC's Counsel.

9. The Parties agree to keep this Agreement and its terms confidential except as necessary to comply with applicable law, to respond to subpoenas after giving notice thereof to all other parties to this Agreement, or to compile financial statements, tax returns, regulatory filings, or seek legal advice.

10.  This Agreement shall be binding upon and inure to the benefit of the Parties and their respective agents, next of kin, executors, administrators, legal representatives, successors and assigns.

11.  This Agreement, and any claim, controversy, or dispute arising under or related to this Agreement, will be governed by, and its terms will be construed, interpreted, and enforced in accordance with, the laws of the State of New York without regard to conflict of law principles. Each party hereby consents and agrees that all disputes arising out of or relating to this Agreement shall be resolved via binding arbitration by the American Arbitration Association ("AAA") under its commercial rules, the terms of which are expressly incorporated by reference herein. Arbitration shall take place before one arbitrator mutually agreed upon by the parties; if the Parties do not agree, a neutral arbitrator shall be selected in accordance with AAA rules.  Judgment on the award may be entered in any court having competent jurisdiction.  This clause shall not preclude parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction.

12.  This Agreement may be executed in counterparts, and may be executed by facsimile, and as so executed shall constitute one agreement.

13.  This Agreement reflects the entire agreement by and between the Parties, and no statement, promise or inducement that is not contained herein shall be valid and binding. If any provision or portion of this Agreement is held invalid, void or unenforceable under any applicable statute or rule of law, only that provision, or portion thereof, shall be deemed omitted from this Agreement, and only to the extent to which it is held invalid, and the remainder of the Agreement shall remain in full force and effect.

IN WITNESS WHEREOF, the Parties sign below indicating their intent to be bound by all of the terms and conditions of this Agreement.

Dated this __ day of April, 2025.

DeMayo Law Offices, LLP


By: _____
Name:
Title:



SGMS Inc., d/b/a Legal Conversion Center


By: _____
Name:
Title:

Converge Direct, LLC


By: _____
Name:
Title: