IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:25-CV-00042-KDB-DCK

WESLEY NEWMAN, on behalf of himself :
and others similarly situated, :
                                         :
       Plaintiff, :
                                           :
v. :
                                           :
DEMAYO LAW OFFICES, LLP, :
                                           :
CONVERGE MARKETING, LLC F/K/A :
CONVERGE DIRECT, LLC, :
                                           :
and SGMS INC. D/B/A LEGAL
CONVERSION CENTER,

       Defendants.
_____/

## PLAINTIFF WESLEY NEWMAN'S OPPOSITION TO DEFENDANT CONVERGE MARKETING, LLC'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER TO BANKRUPTCY COURT

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 2

BACKGROUND ....................................................................................................... 2

   **1. Old Converge's Telemarketing Campaign and Its Actual Knowledge of Mr. Newman's Claim** ......................................................................................... 2

   **2. Old Converge's Bankruptcy and the "Free and Clear" Sale to New Converge** .............. 3

   **3. This Litigation** ......................................................................................... 4

ARGUMENT ............................................................................................................ 5

   **1. New Converge's Motion Is Procedurally Defective and Should Be Denied on That Basis Alone** ............................................................................................. 5

   **2. Rule 12(b)(1) Does Not Support Dismissal Because This Court Has Subject Matter Jurisdiction Over Plaintiff's TCPA Claims.** ............................................................ 5

   **3. The Sale Order Cannot Extinguish Plaintiff's Claims Because Plaintiff Was a Known Creditor Who Was Denied Constitutionally Adequate Notice.** ............................................. 6

   **4. Due Process Requires Actual Notice to Known Creditors, and a Sale Order's "Free and Clear" Language Cannot Substitute for It.** ......................................................... 6

     a. Old Converge Actually Knew of Plaintiff's Claim, Making Plaintiff a Known Creditor Entitled to Actual Notice…………………………………………………………………………………..8

     b. Old Converge's Concealment of Its Own Role Cannot Excuse the Failure to Give Notice……………………………………………………………………………………………10

     c. Because Plaintiff Received No Notice, the Discharge Is Void as to Plaintiff and the Putative Class, and New Converge Cannot Invoke the Sale Order as a Shield. ................... 10

   **5. Rule 12(b)(4) Does Not Support Dismissal.** ......................................................... 11

   **6. New Converge Has Waived Any Venue Objection, and Transfer Is Not Warranted.** .... 12

   **7. New Converge's Reserved Rule 19 Argument Fails Because Old Converge Is Not a Necessary Party.** .......................................................................................... 13

CONCLUSION .......................................................................................................... 13

**TABLE OF AUTHORITIES**

**Cases**

*Arbaugh v. Y & H Corp.*,
   546 U.S. 500 (2006) ........................................................................................................ 5

*Bosiger v. U.S. Airways*,
   510 F.3d 442 (4th Cir. 2007) .......................................................................................... 6

*City of New York v. New York, New Haven & Hartford R.R. Co.*,
   344 U.S. 293 (1953) ........................................................................................................ 6

*Hoffman v. Hoffman*,
   157 B.R. 580 (E.D.N.C. 1992) ........................................................................................ 7

*In re Arch Wireless, Inc.*,
   534 F.3d 76 (1st Cir. 2008) ................................................................................. 7, 8, 9, 11

*In re Doane*,
   102 F. App'x 312 (4th Cir. 2004) ............................................................................. 7, 11

*In re Harig*,
   302 B.R. 177 (W.D. Va. 2003) ........................................................................................ 7

*In re J.A. Jones, Inc.*,
   492 F.3d 242 (4th Cir. 2007) ........................................................................ 2, 6, 8, 9, 10, 11

*In re Maya Constr. Co.*,
   78 F.3d 1395 (9th Cir. 1996) ..................................................................................... 8, 10

*In re RailWorks Corp.*,
   621 B.R. 635 (Bankr. D. Md. 2020) .......................................................................... 7, 11

*Leonard v. Mylan, Inc.*,
   718 F. Supp. 2d 741 (S.D.W. Va. 2010) ....................................................................... 12

*Morrel v. Nationwide Mut. Fire Ins. Co.*,
   188 F.3d 218 (4th Cir. 1999) ........................................................................................ 12

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
   339 U.S. 306 (1950) ........................................................................................................ 6

*United States v. A.H. Fischer Lumber Co.*,
   162 F.2d 872 (4th Cir. 1947) ........................................................................................ 12

**Statutes**
28 U.S.C. § 1331 ................................................................................................................. 5
28 U.S.C. § 1391(b)(2) ...................................................................................................... 12
28 U.S.C. § 1404(a) ........................................................................................................... 12
28 U.S.C. § 1406(a) ........................................................................................................... 12
28 U.S.C. § 157(a), (b)(5) ................................................................................................. 12

47 U.S.C. § 227 ............................................................................................................. 5

**Rules**

Fed. R. Civ. P. 12(b)(1) .................................................................................................. 5
Fed. R. Civ. P. 12(b)(3) ................................................................................................ 12
Fed. R. Civ. P. 12(b)(4) ................................................................................................ 11
Fed. R. Civ. P. 12(h)(1) ................................................................................................ 12
Fed. R. Civ. P. 19(a) .................................................................................................... 13
Local Civil Rule 7.1(c) .............................................................................................. 2, 5

# **INTRODUCTION**

Converge Marketing, LLC ("New Converge") asks this Court to dismiss Plaintiff Wesley Newman's claims, or send them to a bankruptcy court in New York, on the theory that a Sale Order entered in Old Converge's bankruptcy wiped those claims out "free and clear." That argument skips a step. Before a bankruptcy discharge can bind a creditor, due process requires that the creditor receive notice reasonably calculated to apprise him of the proceeding. Where, as here, the debtor *actually knew* of the creditor's claim before filing, due process demands *actual written notice*, not the publication notice that a sale order might be able to supply for creditors whose identities are unknown. Mr. Newman received neither.

The Amended Complaint alleges that, months before Old Converge filed for bankruptcy, Old Converge was already in direct correspondence about Mr. Newman's claim through counsel it retained, through settlement offers it authorized, and through a coordinated response to a Better Business Bureau complaint Mr. Newman filed against co-Defendant DeMayo Law Offices, LLP ("DeMayo Law"). Old Converge told DeMayo Law in writing that "we will all be indemnified," and later acknowledged, again in writing, that its response, which it had shuttled through DeMayo, thereby concealing its identity, had "fanned the flames" with Mr. Newman. Yet when Old Converge filed for bankruptcy in December 2023, it did not list Mr. Newman as a creditor, did not mail him notice of the bar date, and instead let a Sale Order issue that purported to sell its assets to New Converge "free and clear" of exactly the claim it knew Mr. Newman had, but whose *very identity* it had concealed from Mr. Newman

New Converge's Motion does not address any of this. It treats the Sale Order as though due process does not exist,as though a bankruptcy court's order can, by its own force, extinguish a known creditor's claim, regardless of whether that creditor ever heard about the case or even

Converge itself.That is not the law. In *In re J.A. Jones, Inc.*, the Fourth Circuit held that "a claim asserted by a creditor against a debtor's estate cannot constitutionally be discharged…unless the debtor provides constitutionally adequate notice." 492 F.3d 242, 249 (4th Cir. 2007). Where, as here, the creditor is "known," because the debtor actually knew, or through reasonably diligent efforts could have ascertained, that the creditor might have a claim, only actual written notice will do. Publication notice, which is all that Old Converge's Sale Order provided as to unknown or unascertainable creditors, is constitutionally insufficient as applied to Mr. Newman and the Class he seeks to represent because Old Converge had actual notice of the claims, concealed its identity, and did not notify Mr. Newman or the Class

To be clear, Plaintiff does not contend that the Sale Order was improperly entered or that the Bankruptcy Court lacked authority to approve the sale. Plaintiff's position is narrower: the Sale Order's discharge provisions are simply unenforceable as against Mr. Newman and the Class, because due process was never satisfied as to them. New Converge's Motion, moreover, is independently defective for the same procedural reasons DeMayo Law has already identified: it is an unbriefed, three-page "speaking motion" that violates Local Civil Rule 7.1(c), the parties' Consent Briefing Schedule, and this Court's own order. For all these reasons, the Motion should be denied.

**BACKGROUND**

1. **Old Converge's Telemarketing Campaign and Its Actual Knowledge of Mr. Newman's Claim**

Beginning in November 2022, Mr. Newman received at least twelve calls advertising Camp Lejeune legal services on behalf of DeMayo Law. (Am. Compl. ¶ 34.) Several used a pre-recorded, artificial voice, even though Mr. Newman's cellular number had been registered on the National Do Not Call Registry for years before the calls began. (*Id*. ¶¶ 33, 35, 52.) Mr. Newman

2

repeatedly told the callers to stop; the calls continued anyway, through May 2023, from a rotating set of caller IDs. (*Id.* ¶¶ 37, 47–48, 51.)

The calls were placed by Old Converge or its sub-vendor on behalf of DeMayo Law and Defendant SGMS Inc. d/b/a Legal Conversion Center ("LCC"). (*Id.* ¶¶ 36, 39, 49, 54–55.) Mr. Newman complained directly to DeMayo Law, and in May 2023 escalated his complaint by filing a Better Business Bureau complaint against DeMayo Law. (*Id.* ¶¶ 44–45, 82.) That escalation triggered exactly the response that matters here: Old Converge retained counsel, coordinated a response to Mr. Newman's BBB complaint together with DeMayo Law, and opened settlement discussions specifically over Mr. Newman's dispute, speaking *through* DeMayo, all the while concealing its identity. (*Id.* ¶¶ 82, 87.) While this was all going on, Old Converge told DeMayo Law in writing that "[w]e will all be indemnified" with respect to that claim, (*id.* ¶ 67), and after the joint response was sent, an Old Converge representative acknowledged in writing that the response had "fanned the flames with this guy" — referring to Mr. Newman, (*id.* ¶ 89). None of these communications disclosed Old Converge's own role in placing the calls, or the identity of any sub-vendor Old Converge had hired to physically dial Mr. Newman's number. (*Id.* ¶¶ 46, 83.)

### 2. Old Converge's Bankruptcy and the "Free and Clear" Sale to New Converge

On December 7, 2023, roughly seven months after it began coordinating a response to Mr. Newman's claim, Old Converge, together with its parent, and Lacuna Ventures, LLC, filed for Chapter 11 bankruptcy in the Southern District of New York. *In re Troika Media Grp., Inc.*, No. 23-11969 (DSJ) (Bankr. S.D.N.Y.). Old Converge did not list Mr. Newman as a creditor and did not mail him notice of the bankruptcy filing or the claims bar date. (Am. Compl. ¶¶ 65–66.) On February 8, 2024, the Bankruptcy Court entered an order approving the sale of substantially

all of Old Converge's assets to what became New Converge, "free and clear of all Claims, Interests and Encumbrances, other than Permitted Liens or Assumed Liabilities." (Mot. to Dismiss ("Mot.") at 1–2 & Ex. 3 (Sale Order).) The Sale Order states that New Converge is not "a mere continuation of" Old Converge and that "there is no continuity of enterprise between" them, (id. ¶ GG), and purports to shield New Converge from claims "based, in whole or in part, directly or indirectly, on any theory of successor or vicarious liability," (*id*. ¶ 16). New Converge represents that the Bankruptcy Court retained "exclusive jurisdiction" to interpret and enforce the Sale Order and the underlying Asset Purchase Agreement. (*Id*. ¶ 44.)

Many of Old Converge's employees went to work for New Converge, and New Converge continued to use the "converge.com" email domain and to solicit DeMayo Law's business using the same personnel who had handled the DeMayo Law relationship before the bankruptcy. (DeMayo Law's Opp. to Mot. to Dismiss ("DeMayo Opp.") at 8.) New Converge does not dispute any of this; its Motion is premised entirely on the theory that the Sale Order extinguished Mr. Newman's claim regardless of what New Converge knew or did afterward.

### 3. This Litigation

Mr. Newman filed this action on January 21, 2025, more than eleven months after entry of the Sale Order, and without any knowledge that Old Converge had filed for bankruptcy or that the entity behind the calls he received had reorganized into New Converge, let alone that Old Converge was even responsible. (Am. Compl. ¶ 84.) New Converge has answered the Amended Complaint, asserting twenty-five defenses, none of which raised improper venue or an alleged discharge. (Doc. No. 51.) It also voluntarily accepted service as "Converge Marketing, LLC" and waived any objection to service. (Doc. No. 49.) Only now, in a three-page motion

4

unaccompanied by any supporting brief, does New Converge ask this Court to dismiss Mr. Newman's claims or send them to a bankruptcy court in New York.

## ARGUMENT

1. **New Converge's Motion Is Procedurally Defective and Should Be Denied on That Basis Alone.**

New Converge filed a three-page "speaking" motion, attaching correspondence and exhibits in lieu of a supporting brief. That filing violates Local Civil Rule 7.1(c), the parties' Consent Briefing Schedule (Doc. No. 59), and this Court's May 8, 2026 text order directing that "any party seeking a decision on any preserved motion…file a separate motion and supporting brief." (Doc. No. 61.) New Converge's stated reason for skipping a brief — a desire to conserve its own litigation budget — does not excuse noncompliance with the Local Rules or the Court's order, any more than it did for DeMayo Law's identical argument. (DeMayo Opp. at 4 & n.4.) The Court may deny the Motion on this basis alone, and at a minimum should hold New Converge to only the grounds it actually raised, without supplying arguments or authority New Converge never briefed.

2. **Rule 12(b)(1) Does Not Support Dismissal Because This Court Has Subject Matter Jurisdiction Over Plaintiff's TCPA Claims.**

This Court's jurisdiction over Plaintiff's claims arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227 — a straightforward federal question that New Converge's Motion never disputes. (Am. Compl. ¶ 12.) New Converge instead asks the Court to treat the Sale Order as a jurisdictional bar. But whether a "free and clear" sale order forecloses a particular claim is a merits defense going to whether that claim survives the dischargem not a limit on the Court's statutory or constitutional power to hear a federal TCPA case. See *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 511 (2006) (cautioning against conflating jurisdictional limits with merits defenses).

5

And in any event, as explained below, the merits defense fails on its own terms, because due process bars application of the discharge to Mr. Newman and the Class in the first place.

**3. The Sale Order Cannot Extinguish Plaintiff's Claims Because Plaintiff Was a Known Creditor Who Was Denied Constitutionally Adequate Notice.**

**a. Due Process Requires Actual Notice to Known Creditors, and a Sale Order's "Free and Clear" Language Cannot Substitute for It.**

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Because a Chapter 11 bankruptcy directly affects creditors' property interests, a pre-existing claim can be discharged only if the creditor received notice consistent with *Mullane*. *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). The Fourth Circuit has applied this rule with precision: "a claim asserted by a creditor against a debtor's estate cannot constitutionally be discharged in accordance with the Bankruptcy Code unless the debtor provides constitutionally adequate notice to the creditor of the debtor's bankruptcy proceeding, as well as the applicable filing deadlines and hearing dates." *In re J.A. Jones, Inc.*, 492 F.3d 242, 249 (4th Cir. 2007).

The type of notice required turns on whether the creditor is "known" or "unknown." *Id.* Known creditors, those whose identities are actually known to the debtor, or "reasonably ascertainable" through a diligent examination of the debtor's own books and records, must receive *actual written notice* of the bankruptcy filing and the claims bar date. *Id.* at 249–50. Unknown creditors, whose interests are "wholly conjectural" or could not be ascertained with due diligence, may be given constructive notice by publication. *Id.*; see also *City of New York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 296–97 (1953) (actual written notice

6

required where a creditor's "name[], interest[], and address[]" are known, and rejecting the argument that a creditor's knowledge that a reorganization is pending imposes a duty to inquire about filing deadlines, because "even creditors who have knowledge of a reorganization have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred"). A known creditor "has a right to assume that he will receive all the notices required by statute before his claim is forever barred," and has no independent obligation to monitor a bankruptcy docket he does not know exists. *Hoffman v. Hoffman*, 157 B.R. 580, 583 (E.D.N.C. 1992). Where a debtor fails to provide the required notice, the resulting discharge is void as to that creditor and has no preclusive effect on him. *In re Doane*, 102 F. App'x 312, 314–15 (4th Cir. 2004); *In re Harig*, 302 B.R. 177, 181 (W.D. Va. 2003); see also *In re RailWorks Corp.*, 621 B.R. 635 (Bankr. D. Md. 2020) (a due process violation may preclude application of the discharge to that creditor's claims entirely).

Nor is a debtor's obligation satisfied merely because publication notice issued *somewhere* in the case. The First Circuit has squarely held that "for notice purposes, bankruptcy law distinguishes between 'known creditors,' who are entitled to receive direct notice of each stage in the reorganization proceedings, and 'unknown creditors,' for whom publication notice is sufficient." *In re Arch Wireless, Inc.*, 534 F.3d 76, 80–81 (1st Cir. 2008). A sale order's "free and clear" language, no matter how broadly drafted, operates *only to the extent due process permits*; it cannot abolish a known creditor's property right in his claim "regardless of notice." *Id.* at 82. Here, the Sale Order attached to New Converge's own Motion confirms as much: publication notice of the kind the Sale Order authorized is, by its own terms and under the case law above, reserved for creditors whose identities or claims were not reasonably ascertainable by the Debtors. New Converge's Motion never engages with this distinction. It treats every creditor,

known or unknown, as bound by the same publication notice, which is precisely the argument the Supreme Court, and Fourth and First Circuits, among others, have rejected.

### b. Old Converge Actually Knew of Plaintiff's Claim, Making Plaintiff a Known Creditor Entitled to Actual Notice.

The known creditor inquiry does not require that the creditor have already sued, retained counsel, or filed a formal demand before the petition date. *In re J.A. Jones*, 492 F.3d at 251–52 (finding a known creditor even though the claimant had not yet "communicated with" or "filed a claim against" the debtor before the bankruptcy filing, because the debtor's own claims department had already opened a file, retained experts and counsel in anticipation of litigation, and possessed a report identifying the claimant by name). What matters is whether the facts "would alert a reasonable debtor, based on a careful examination of its own books and records, to the possibility that a claim might reasonably be filed against it by a particular individual or entity." *Id*. at 250–51. The Ninth Circuit has put the same point even more directly: because it is the debtor who must list its creditors, "it is the debtor's knowledge of a creditor, not the creditor's knowledge of his claim, which controls whether the debtor has a duty to list that creditor." *In re Maya Constr. Co.*, 78 F.3d 1395, 1399 (9th Cir. 1996). And the First Circuit has confirmed that no "Herculean efforts" are required of a debtor, "merely a reasonable inquiry" into its own files will do. *In re Arch Wireless*, 534 F.3d at 81 (affirming a known-creditor finding based on the debtor's own correspondence files, even though the creditor's own books did not carry a claim against the debtor as an asset, and even though the precise dollar amount of the claim remained unknown).

The facts here are, if anything, more compelling than in either case. In *Maya Construction*, the debtor knew only that it had placed contaminated soil on the claimant's land and had received a single written demand letter three and a half months before filing, and the

8

claimant himself had told the debtor's president *he did not intend to sue*. 78 F.3d at 1396–97.

That was still enough to make the claimant a known creditor, because "knowing that a potential

claimant does not presently intend to sue is not equivalent to discharge of a claim." *Id*. at 1399.

In *Arch Wireless*, a handful of billing dispute emails referencing "lost business" and "harm to

reputation" were enough, even though the debtor characterized them as an ordinary commercial

dispute and even though the creditor's own books carried no claim against the debtor. 534 F.3d

at 81–82.

This is not a case where Old Converge merely should have anticipated a claim; Old

Converge was actually in direct, sustained contact (through a response coordinated through

DeMayo and concealing its involvement) about Mr. Newman's specific claim for mon*ths before

it filed for bankruptcy*. Mr. Newman escalated his dispute by filing a BBB complaint against

DeMayo Law in May 2023 naming his own grievance. (Am. Compl. ¶¶ 44–45, 82.) Old

Converge responded by retaining counsel, coordinating a joint response with DeMayo Law (that

did not name it), and opening settlement negotiations specifically over Mr. Newman's claim. (*Id*.

¶¶ 82, 87.) Old Converge told DeMayo Law in writing that "we will all be indemnified" with

respect to that claim, (*id*. ¶ 67), and later acknowledged, again in writing, that its own joint

response had "fanned the flames" with Mr. Newman, (*id*. ¶ 89), an unmistakable sign that Old

Converge understood a live dispute, and a potential future claim, existed. Under *Maya

Construction* and *Arch Wireless*, that is more than sufficient. Old Converge did not need to wait

for a lawsuit or a formal proof of claim to know that Mr. Newman was a potential creditor. It

already knew his name, his dispute, and the fact that settlement discussions concerning it were

ongoing. *See In re J.A. Jones*, 492 F.3d at 251 ("[R]easonably diligent efforts" would certainly

have disclosed a known creditor where the debtor's own files and personnel already documented the claim).

4. **Old Converge's Concealment of Its Own Role Cannot Excuse the Failure to Give Notice.**

Old Converge's May 2023 correspondence with Mr. Newman never disclosed that Old Converge, rather than DeMayo Law or LCC alone, had any role in the calls Mr. Newman complained about, nor did it disclose the identity of "DMS," the sub-vendor Old Converge had hired to place the calls. (Am. Compl. ¶¶ 46, 83.) Old Converge, in other words, knew enough about Mr. Newman's dispute to retain counsel and negotiate a resolution of it, but arranged matters so that Mr. Newman himself would not learn of Old Converge's own exposure. Having taken that path, Old Converge cannot now claim the benefit of a lesser, publication-only notice standard reserved for creditors whose identity or claim was genuinely unknown to it.

The known creditor inquiry asks *what the debtor knew*, not what the creditor knew about the debtor. See *In re J.A. Jones*, 492 F.3d at 250 (known-creditor status turns on the debtor's own knowledge and diligence, not the creditor's); *In re Maya Constr. Co.*, 78 F.3d at 1399 (distinguishing cases where "the debtor could not identify the potential creditors" from cases, like this one, where the debtor "knew [the claimant] had a potential claim against it"). Nothing in the case law rewards a debtor for successfully concealing its own involvement from the very creditor it was simultaneously negotiating with.

5. **Because Plaintiff Received No Notice, the Discharge Is Void as to Plaintiff and the Putative Class, and New Converge Cannot Invoke the Sale Order as a Shield.**

Plaintiff does not ask this Court to invalidate the Sale Order or to disturb the underlying asset sale. Plaintiff's position is that the discharge provisions of the Sale Order are simply unenforceable as against a known creditor who never received the notice due process requires.

*See In re Doane*, 102 F. App'x at 314–15 (discharge order void and without preclusive effect where the required notice was never given); *In re RailWorks Corp.*, 621 B.R. 635 (a due process violation precludes application of the discharge to that creditor's claims). That result follows directly from the Fourth Circuit's holding that "a known creditor… not provided with actual notice of the bankruptcy filing[] is not bound by the terms of the confirmed liquidation plan," *In re J.A. Jones*, 492 F.3d at 253, and from the First Circuit's holding that a discharge injunction "could not abolish the property rights of creditors in their claims, regardless of notice, without running afoul of creditors' due process rights," *In re Arch Wireless*, 534 F.3d at 82. There is no reason the same rule would not apply with equal force to a sale order's discharge provisions, which serve the identical function of extinguishing pre-petition claims. Nor does it matter that New Converge is a corporation rather than an individual debtor. The First Circuit has expressly held that the statutory burden shifting permitting mere "actual knowledge" of a bankruptcy case to bind a creditor applies only where the debtor is an individual, and that "no such statutory burden-shift is present for a creditor of a corporation." *Id.* at 86. Mr. Newman had no actual knowledge of Old Converge's bankruptcy at all, but even if he had, that would not be enough where, as here, the debtor is a corporate entity. New Converge's Motion to Dismiss should accordingly be denied.

### 6. Rule 12(b)(4) Does Not Support Dismissal.

Rule 12(b)(4) challenges only defects in the form of process itself. Fed. R. Civ. P. 12(b)(4). New Converge accepted service as "Converge Marketing, LLC" and waived any objection to service, (Doc. No. 49), and it answered the Amended Complaint on the merits, asserting twenty-five defenses, (Doc. No. 51). To the extent New Converge's argument rests on the "f/k/a Converge Direct, LLC" language in the caption, that is at most a misnomer, and

"service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way," particularly where, as here, the correct entity was named, accepted service, and has fully participated in the litigation. *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999); see also *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947) (rejecting technical caption objections where the pleading names the defendant "in such terms that every intelligent person understands who is meant").

**7. New Converge Has Waived Any Venue Objection, and Transfer Is Not Warranted.**

New Converge never moved under Rule 12(b)(3) and answered the Amended Complaint without raising improper venue among its twenty-five defenses, waiving that defense. Fed. R. Civ. P. 12(h)(1). Venue is proper here under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims, the telemarketing campaign orchestrated for the benefit of a North Carolina law firm, occurred in this District. (Am. Compl. ¶ 14.) Section 1406(a) applies only where a case was filed in the wrong district, which is not the case here, and in any event New Converge has waived any such objection. *Leonard v. Mylan, Inc.*, 718 F. Supp. 2d 741, 743–44 (S.D.W. Va. 2010). Section 1404(a) requires a showing that the convenience of parties and witnesses favors transfer; New Converge offers no affidavit, no witness list, and no explanation why litigating TCPA robocall claims in a New York bankruptcy court would serve that convenience better than the forum where the calls were received, where the putative class is likely concentrated, and where this case has been pending for over a year. And Section 157 does not independently authorize transferring a TCPA action and its related crossclaims to a bankruptcy court in a different district merely because one defendant's predecessor once passed through bankruptcy. See 28 U.S.C. § 157(a), (b)(5).

**8. New Converge's Reserved Rule 19 Argument Fails Because Old Converge Is Not a Necessary Party.**

New Converge "reserves" rather than raises a Rule 19 argument that Old Converge is a necessary party, so the issue is not properly before the Court. (Mot. at 4 n.6.) In any event, Old Converge is not necessary to Plaintiff's claims against New Converge. Rule 19(a) asks whether the Court can grant complete relief among the existing parties without the absent party, Fed. R. Civ. P. 19(a)(1)(A), or whether the absent party's own claimed interest would be impaired, or an existing party exposed to inconsistent obligations, without it. *Id*. 19(a)(1)(B). Plaintiff's claims against New Converge rest on New Converge's own successor liability and, independently, on the due process defect in the discharge described above, neither of which requires Old Converge's presence for the Court to grant Plaintiff complete relief. Nor is Old Converge needed to protect its own interests; the Bankruptcy Court's Sale Order and the underlying bankruptcy estate are unaffected by a ruling that the discharge simply does not bind Mr. Newman for want of due process.

## CONCLUSION

For the foregoing reasons, Plaintiff Wesley Newman respectfully requests that the Court deny Defendant Converge Marketing, LLC's Motion to Dismiss.

Dated: July 20, 2026

> */s/ Anthony I. Paronich*
> Anthony I. Paronich
> PARONICH LAW, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> Tel: (617) 485-0018
> anthony@paronichlaw.com
> *Special Appearance Attorney*

13

*/s/ Ryan Duffy*
Ryan Duffy
The Law Office of Ryan P. Duffy, PLLC
1213 W. Morehead Street, Suite 500, Unit #450
Charlotte, North Carolina 28208
ryan@ryanpduffy.com
Telephone: (704) 741-9399

*Attorneys for Plaintiff*

14